UNITED STATES OF AMERICA

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| Brian Alexander,<br>    Plaintiff | File No: 1:18-cv-930 |
| v. | |
| Steven J. Kwasnik and<br>Annie Harrison,<br>    Defendants. | Hon.<br>U.S. District Court Judge |

_____/

J. Nicholas Bostic   P40653
Attorney for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132
_____/

## COMPLAINT and JURY DEMAND

Plaintiffs, for their complaint, state:

1. This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims.

2. Plaintiff Brian Michael Alexander is, and at all relevant times was, a competent adult and a resident of Ingham County in the State of Michigan.

3. Defendant Annie Harrison is a deputy sheriff for the Ingham County Sheriff, her county of residence is unknown, and her place of conducting business is Ingham County in the State of Michigan.

4. Defendant Steven J. Kwasnik is an assistant prosecutor for the Ingham County Prosecutor's Office, his county of residence is unknown, and he conducts his business in Ingham County in the State of Michigan.

5. This cause of action arose in Ingham County, and in the Western District of Michigan.

6. At all times relevant to this matter, Defendants were acting under color of law.

1

7. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the federal claims.

## GENERAL ALLEGATIONS

8. Paragraphs 1-7 are incorporated herein by reference.

9. The complainant, Madison Bostwick,[1] alleged that her stepfather, Defendant Brian Alexander, on four occasions grinded his clothed genitals against her clothed genitals.

10. Ms. Bostwick's mother, Stefani Alexander, during 2014 learned that Madison was not being truthful with her on more than one occasion.

11. Stefani caught Madison lying to her about her whereabouts among other things/

12. Plaintiff and Stefani had become concerned with Madison's behavior.

13. They both had caught her lying as well as doing illegal acts.

14. Plaintiff was involved in disciplining Madison for these things.

15. Also in 2014, Ryan Bostwick notified Stefani and their daughters that he was moving back to the Lansing area to be closer to them.

16. Madison expressed that she wanted to live with her father.

17. Stefani was aware that the rules for the children in Ryan's house were more relaxed.

18. Around Christmas 2014, Madison falsely told her younger sister (MB) that Plaintiff had sexually abused her on several occasions in the spring of 2013.

19. Madison made up four events all of which were essentially similar and as described in ¶9 above.

20. Madison only gave a detail capable of verification for the "last" event she claimed.

21. Madison claimed that the last event occurred in her parents' bedroom watching television

---

[1] Although a minor at the time of the allegation, Ms. Bostwick is currently an adult.

when she was sick and at home from school.

22. Madison testified at a preliminary examination unequivocally that she had missed school on the day of the "last' event.

23. Madison subsequently told her boyfriend and Stefani.

24. Stefani arranged a confrontation with Madison and Plaintiff and Plaintiff denied the allegations.

25. A few days after Madison told her sister, MB told a teacher who reported the incident to Children's Protective Services.

26. CPS and the police then initiated their investigations.

27. Defendant Annie Harrison of the Ingham County Sheriff's Office was the assigned detective.

28. Defendant Harrison claimed to specialize in investigating child physical and sexual abuse and adult sexual assault.

29. She interviewed Madison, MB, and Stefani and then applied for a warrant to arrest Plaintiff.

30. She did not conduct any further investigation before getting the warrant.

31. Plaintiff voluntarily met with Defendant Harrison, waived his Miranda rights, and participated in an interview with her, after which she arrested him.

32. During the course of her investigation, Defendant Harrison learned that on March 11, 2015, Madison had suborned perjury from her boyfriend and did not investigate that incident by reviewing Madison's phone or obtaining her phone records.

33. During the investigation, Stefani had informed Defendant Harrison about the several instances when Madison had lied.

34. Defendant Harrison did not follow up or investigate those events.

35. During her investigation, Defendant Harrison would corroborate information received from the Plaintiff's attorneys but took no steps to corroborate or refute information from Madison.

36. Defendant Harrison was aware that Madison's behavior was causing her to get into trouble at home and this included taking photographs of herself that were inappropriate.

37. On February 26, 2015 at the preliminary examination, Madison testified that the "last time" Plaintiff allegedly assaulted her was when she was home sick from school.

38. Plaintiff's defense attorneys obtained Madison's school attendance records which showed that Madison never missed any school during the relevant time frame.

39. On July 30, 2015, Plaintiff's sister, Jennifer told Defendant Harrison that the Plaintiff's attorneys had Madison's phone or phone records or both.

40. Plaintiff's attorneys turned these records over to the prosecution on August 1, 2015.

41. Defendants Kwasnik and Harrison met with Madison approximately one week before trial and informed her that the school records contradicted her story.

42. Madison gave them a new story that claimed she had indeed been sick, but she had texted her mother from school and her mother told her to tough it out and stay at school.

43. Plaintiff's attorneys were unaware of the new detail until Madison testified during the trial on August 31, 2015.

44. Defendants Kwasnik and Harrison withheld this information from Plaintiff's attorneys.

45. Defendant Kwasnik unfairly used Madison's text message story to increase Madison's credibility and damage the credibility of her mother, Stefani Alexander.

46. On September 3, 2015, Plaintiff was convicted as charged of four counts of second-degree

criminal sexual conduct (CSC), MCL 750.520c.

47. After trial, Plaintiff's defense attorneys investigated Madison's new story.

48. Upon obtaining cell phone records, it was conclusively established that Madison had never texted Stefani about being sick at school.

49. On November 15, 2015, the 30th Circuit Court granted Plaintiff a new trial.

50. On October 6, 2016, the Michigan Court of Appeals reversed the trial court and reinstated Plaintiff's conviction.

51. On June 21, 2017, the Michigan Supreme Court reversed the Court of Appeals and remanded to the 30th Circuit Court for analysis with the correct legal standard.

52. On August 16, 2017, the 30th Circuit Court upheld its original decision and entered an order granting a new trial.

53. On September 25, 2017, the trial court entered an order dismissing all charges upon the prosecutor's motion.

54. Defendant Harrison did not document Madison's new corroborating detail about the text message in a report likely to avoid the disclosure requirements of state criminal practice rules and *Brady v. Maryland*.

55. Defendant Harrison and Defendant Kwasnik did not disclose the new corroborating detail about the text message to Plaintiff's attorney likely because they had been told that the defense attorneys had Madison's phone and they could not risk the defense being able to disprove the claim.

## COUNT 1 – CONSPIRACY TO DENY DUE PROCESS
(42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

56. Paragraphs 1 through 54 above are incorporated herein by reference.

57. On or after August 12, 2015 through August 31, 2015, Defendants Kwasnik and Harrison

did conspire or agree with each other and others currently unknown.

58. A purpose of the conspiracy was to impede, hinder, obstruct and defeat the due course of justice on behalf of Plaintiff in the 30th Circuit Court for Ingham County, State of Michigan unlawfully and in violation of 42 U.S.C. §1985(2).

59. A purpose of the conspiracy was to deprive Plaintiff of the equal protection of the laws or the equal privileges and immunities of the laws of the United States and the State of Michigan unlawfully and in violation of 42 U.S.C. §1985(3).

60. On or after August 12, 2015 and through August 31, 2015, Defendant Kwasnik committed an act in furtherance of the conspiracy by failing to disclose Madison's new version of the corroborating detail to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

61. On or after August 12, 2015 and through August 31, 2015, Defendant Harrison committed an act in furtherance of the conspiracy by failing to document Madison's new version of corroborating detail to prevent its discovery through mandatory disclosure to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

62. Plaintiff was harmed by the conduct of Defendants in that a jury was convinced they should believe Madison and not believe Stefani or Plaintiff due to the inability to properly cross-examine Madison.

63. The harm in Paragraph 62 above was a direct and proximate result of Defendants withholding exculpatory information from Plaintiff's attorneys in violation of the Fourteenth Amendment to the United States Constitution.

64. Plaintiff was harmed by the conduct of Defendants in that he remained convicted until the order for a new trial was entered on November 20, 2015 and during that time he suffered the

stress, embarrassment, humiliation, and emotional distress of being a convicted felon, having to register on the sex offender registry, permanent loss of his employment as a police officer, and severe stress to his marriage.

65. Plaintiff was harmed by the conduct of Defendants in that he incurred the unnecessary and extreme expense of retaining attorneys to continue his defense through appeals by the prosecution and appeals on his behalf until the matter was dismissed on September 25, 2017.

### COUNT 2 – DENIAL OF DUE PROCESS BY DEFENDANT KWASNIK
(42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

66. Paragraphs 1 through 65 above are incorporated herein by reference.

67. Between August 12, 2015 and August 31, 2015, Defendant Kwasnik had a duty to disclose the information from Madison concerning her new explanation about the text message because the disclosure would have furthered impeachment of Madison as a witness.

68. The duty to disclose was clearly established as existing pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69. Defendant Kwasnik deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

70. Defendant Kwasnik's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

### COUNT 3 – DENIAL OF DUE PROCESS BY DEFENDANT HARRISON
(42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

71. Paragraphs 1 through 70 above are incorporated herein by reference

72. Between August 12, 2015 and August 31, 2015, Defendant Harrison had a duty to disclose the information from Madison concerning her new explanation about the text message

because the disclosure would have furthered impeachment of Madison as a witness.

73. The duty to disclose was clearly established as existing pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

74. Defendant Harrison deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

75. Defendant Harrison's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment enter for Plaintiff and

1. against all Defendants in an amount not less than $500,000.00;

2. against all individual Defendants for exemplary damages in an amount as determined by a jury;

3. against all Defendants for attorney fees as allowed by 42 USC §1988;

4. against all Defendants for interest on the award to the date of filing of this complaint;

5. granting such other relief as allowed by law.

VERIFICATION AND SIGNATURE BY PARTY:

8/16/2018  
Date

Brian Alexander  
Plaintiff

SIGNATURE BY ATTORNEY:

8/16/2018  
Date

/s/ J. Nicholas Bostic  
J. Nicholas Bostic P40653  
Attorney for Plaintiff

8

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts.

<u>8/16/2018</u>                                                                    <u>*/s/ J. Nicholas Bostic*</u>
                                                                                          J. Nicholas Bostic P40653
                                                                                          Attorney for Plaintiff
                                                                                          909 N. Washington Ave.
                                                                                          Lansing, MI 48906