UNITED STATES OF AMERICA

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| Brian Alexander,<br>    Plaintiff | File No: 1:18-cv-930 |
| v. | |
| Steven J. Kwasnik and<br>Annie Harrison,<br>    Defendants. | Hon. Janet T. Neff<br>U.S. District Court Judge |

_____/

J. Nicholas Bostic   P40653
Attorney for Plaintiff
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132

_____/

## FIRST AMENDED COMPLAINT and JURY DEMAND

Plaintiffs, for their complaint, state:

1. This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims.

2. Plaintiff Brian Michael Alexander is, and at all relevant times was, a competent adult and a resident of Ingham County in the State of Michigan.

3. Defendant Annie Harrison is a deputy sheriff for the Ingham County Sheriff, her county of residence is unknown, and her place of conducting business is Ingham County in the State of Michigan.

4. Defendant Steven J. Kwasnik is an assistant prosecutor for the Ingham County Prosecutor's Office, his county of residence is unknown, and he conducts his business in Ingham County in the State of Michigan.

5. This cause of action arose in Ingham County, and in the Western District of Michigan.

6. At all times relevant to this matter, Defendants were acting under color of law.

7. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the federal claims.

## GENERAL ALLEGATIONS

8. Paragraphs 1-7 are incorporated herein by reference.

9. The complainant, Madison Bostwick,[1] alleged that her stepfather, Defendant Brian Alexander, on four occasions grinded his clothed genitals against her clothed genitals.

10. Ms. Bostwick's mother, Stefani Alexander, during 2014 learned that Madison was not being truthful with her on more than one occasion.

11. Stefani caught Madison lying to her about her whereabouts among other things/

12. Plaintiff and Stefani had become concerned with Madison's behavior.

13. They both had caught her lying as well as doing illegal acts.

14. Plaintiff was involved in disciplining Madison for these things.

15. Also in 2014, Ryan Bostwick notified Stefani and their daughters that he was moving back to the Lansing area to be closer to them.

16. Madison expressed that she wanted to live with her father.

17. Stefani was aware that the rules for the children in Ryan's house were more relaxed.

18. Around Christmas 2014, Madison falsely told her younger sister (MB) that Plaintiff had sexually abused her on several occasions in the spring of 2013.

19. Madison made up four events all of which were essentially similar and as described in ¶9 above.

20. Madison only gave a detail capable of verification for the "last" event she claimed.

21. Madison claimed that the last event occurred in her parents' bedroom watching television

---

[1] Although a minor at the time of the allegation, Ms. Bostwick is currently an adult.

when she was sick and at home from school.

22. Madison testified at a preliminary examination unequivocally that she had missed school on the day of the "last' event.

23. Madison subsequently told her boyfriend and Stefani.

24. Stefani arranged a confrontation with Madison and Plaintiff and Plaintiff denied the allegations.

25. A few days after Madison told her sister, MB told a teacher who reported the incident to Children's Protective Services.

26. CPS and the police then initiated their investigations.

27. Defendant Annie Harrison of the Ingham County Sheriff's Office was the assigned detective.

28. Defendant Harrison claimed to specialize in investigating child physical and sexual abuse and adult sexual assault.

29. She interviewed Madison, MB, and Stefani and then applied for a warrant to arrest Plaintiff.

30. She did not conduct any further investigation before getting the warrant.

31. Plaintiff voluntarily met with Defendant Harrison, waived his Miranda rights, and participated in an interview with her, after which she arrested him.

32. During the course of her investigation, Defendant Harrison learned that on March 11, 2015, Madison had suborned perjury from her boyfriend and did not investigate that incident by reviewing Madison's phone or obtaining her phone records.

33. During the investigation, Stefani had informed Defendant Harrison about the several instances when Madison had lied.

34. Defendant Harrison did not follow up or investigate those events.

35. During her investigation, Defendant Harrison would corroborate information received from the Plaintiff's attorneys but took no steps to corroborate or refute information from Madison.

36. Defendant Harrison was aware that Madison's behavior was causing her to get into trouble at home and this included taking photographs of herself that were inappropriate.

37. On February 26, 2015 at the preliminary examination, Madison testified that the "last time" Plaintiff allegedly assaulted her was when she was home sick from school.

38. Plaintiff's defense attorneys obtained Madison's school attendance records which showed that Madison never missed any school during the relevant time frame.

39. On July 30, 2015, Plaintiff's sister, Jennifer told Defendant Harrison that the Plaintiff's attorneys had Madison's phone or phone records or both.

40. Plaintiff's attorneys turned these records over to the prosecution on August 1, 2015.

41. Defendants Kwasnik and Harrison met with Madison approximately one week before trial and informed her that the school records contradicted her story.

42. Madison gave them a new story that claimed she had indeed been sick, but she had texted her mother from school and her mother told her to tough it out and stay at school.

43. Plaintiff's attorneys were unaware of the new detail until Madison testified during the trial on August 31, 2015.

44. Defendants Kwasnik and Harrison withheld this information from Plaintiff's attorneys.

45. Defendant Kwasnik unfairly used Madison's text message story to increase Madison's credibility and damage the credibility of her mother, Stefani Alexander.

46. On September 3, 2015, Plaintiff was convicted as charged of four counts of second-degree

criminal sexual conduct (CSC), MCL 750.520c.

47. After trial, Plaintiff's defense attorneys investigated Madison's new story.

48. Upon obtaining cell phone records, it was conclusively established that Madison had never texted Stefani about being sick at school.

49. On November 15, 2015, the 30th Circuit Court granted Plaintiff a new trial.

50. On October 6, 2016, the Michigan Court of Appeals reversed the trial court and reinstated Plaintiff's conviction.

51. On June 21, 2017, the Michigan Supreme Court reversed the Court of Appeals and remanded to the 30th Circuit Court for analysis with the correct legal standard.

52. On August 16, 2017, the 30th Circuit Court upheld its original decision and entered an order granting a new trial.

53. On September 25, 2017, the trial court entered an order dismissing all charges upon the prosecutor's motion.

54. Defendant Harrison did not document Madison's new corroborating detail about the text message in a report likely to avoid the disclosure requirements of state criminal practice rules and *Brady v. Maryland*.

55. Defendant Harrison and Defendant Kwasnik did not disclose the new corroborating detail about the text message to Plaintiff's attorney likely because they had been told that the defense attorneys had Madison's phone and they could not risk the defense being able to disprove the claim.

COUNT 1 – CONSPIRACY TO DENY DUE PROCESS
(42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

56. Paragraphs 1 through 54 above are incorporated herein by reference.

57. On or after August 12, 2015 through August 31, 2015, Defendants Kwasnik and Harrison

did conspire or agree with each other and others currently unknown.

58.    A purpose of the conspiracy was to impede, hinder, obstruct and defeat the due course of justice on behalf of Plaintiff in the 30th Circuit Court for Ingham County, State of Michigan unlawfully and in violation of 42 U.S.C. §1985(2).

59.    A purpose of the conspiracy was to deprive Plaintiff of the equal protection of the laws or the equal privileges and immunities of the laws of the United States and the State of Michigan unlawfully and in violation of 42 U.S.C. §1985(3).

60.    On or after August 12, 2015 and through August 31, 2015, Defendant Kwasnik committed an act in furtherance of the conspiracy by failing to disclose Madison's new version of the corroborating detail to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

61.    On or after August 12, 2015 and through August 31, 2015, Defendant Harrison committed an act in furtherance of the conspiracy by failing to document Madison's new version of corroborating detail to prevent its discovery through mandatory disclosure to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

62.    Plaintiff was harmed by the conduct of Defendants in that a jury was convinced they should believe Madison and not believe Stefani or Plaintiff due to the inability to properly cross-examine Madison.

63.    The harm in Paragraph 62 above was a direct and proximate result of Defendants withholding exculpatory information from Plaintiff's attorneys in violation of the Fourteenth Amendment to the United States Constitution.

64.    Plaintiff was harmed by the conduct of Defendants in that he remained convicted until the order for a new trial was entered on November 20, 2015 and during that time he suffered the

stress, embarrassment, humiliation, and emotional distress of being a convicted felon, having to register on the sex offender registry, permanent loss of his employment as a police officer, and severe stress to his marriage.

65. Plaintiff was harmed by the conduct of Defendants in that he incurred the unnecessary and extreme expense of retaining attorneys to continue his defense through appeals by the prosecution and appeals on his behalf until the matter was dismissed on September 25, 2017.

## COUNT 2 – DENIAL OF DUE PROCESS BY DEFENDANT KWASNIK
### (42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

66. Paragraphs 1 through 65 above are incorporated herein by reference.

67. Between August 12, 2015 and August 31, 2015, Defendant Kwasnik had a duty to disclose the information from Madison concerning her new explanation about the text message because the disclosure would have furthered impeachment of Madison as a witness.

68. The duty to disclose was clearly established as a requirement in a criminal prosecution pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69. Defendant Kwasnik deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

70. Defendant Kwasnik's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

## COUNT 3 – DENIAL OF DUE PROCESS BY DEFENDANT HARRISON
### (42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

71. Paragraphs 1 through 70 above are incorporated herein by reference

72. Between August 12, 2015 and August 31, 2015, Defendant Harrison had a duty to disclose

the information from Madison concerning her new explanation about the text message because the disclosure would have furthered impeachment of Madison as a witness.

73. The duty to disclose was clearly established as existing pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

74. Defendant Harrison deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

75. Defendant Harrison's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

## COUNT 4 – MALICIOUS PROSECUTION
(Fourth Amendment – 42 U.S.C. §1983)

76. Paragraphs 1 through 75 above are incorporated herein by reference.

77. On or about January 13, 2015, Defendant Harrison prepared a warrant request for Plaintiff and submitted it to the Ingham County Prosecutor's Office for criminal charges.

78. Defendant Harrison included in the warrant request her investigation report.

79. Approximately one week before trial, Defendants Kwasnik and Harrison participated in an interview with Ms. Bostwick regarding the false claim of missing school on the day of the last allegation.

80. Defendant Harrison's submission of the warrant request, inclusion of her investigation report, and participation in the meeting approximately one week before trial establish her participation in the initiation of the criminal charges against Plaintiff.

81. The material omissions from Defendant Harrison's investigative report about the credibility of Madison Bostwick influenced the initiation of criminal charges against Plaintiff.

82. The narrative portion of Defendant Harrison's investigative report concerning her interview

with Stefani Alexander (Plaintiff's wife) was biased to falsely portray her interview as negative to her credibility.

83. The narrative portion of Defendant Harrison's investigative reports concerning her interviews with Stefani Alexander and Jennifer Alexander were biased to falsely portray Plaintiff as responsible for the accusations of Madison Bostwick.

84. Upon information and belief, Defendant Harrison submitted or caused to be submitted referrals to Children's Protective Services against Stefani Alexander and Jennifer Alexander to chill their opposition to the prosecution.

85. By on or about August 15, 2015, Defendants Kwasnik and Harrison, were aware:

   a. Plaintiff had passed private polygraphs confirming his denials.

   b. Ms. Bostwick had solicited a friend to make a false statement.

   c. Ms. Bostwick had engaged in numerous and series falsehoods with her mother.

   d. Ms. Bostwick had fabricated the claim that she missed school on the date of the last allegation.

   e. Ms. Bostwick had fabricated the claim that she did not have a television in her own room.

86. Notwithstanding being aware of the items in Paragraph 84 above, Defendants Kwasnik and Harrison continued and maintained the prosecution of Plaintiff.

87. It has been clearly established law since at least 2006 that uncorroborated allegations of a child are to be treated with caution.

88. Once the only piece of corroborating information was refuted, Defendants Kwasnik and Harrison allowed or encouraged Madison Bostwick to provide another fabricated piece of corroborating information and failed to disclose it until her testimony before the jury.

9

89. Defendants Kwasnik's and Harrison's disregard of the circumstances listed above as of on or about August 15, 2015 make their withholding of the information about the purported text message a knowing and reckless act which was material to refuting probable cause.

90. Defendant Kwasnik was assigned as the assistant prosecutor after the case was initially charged.

91. Defendant Kwasnik engaged in communications with defense counsel from January 2015 throughout trial and in to post-judgment proceedings in October 2017.

92. Defendant Kwasnik's participated in and influenced the maintenance and continuation of the prosecution after probable cause no longer existed.

93. Defendants Kwasnik and Harrison failed to corroborate Madison Bostwick's new explanation that she sent a text message on the date of the last allegation.

94. Madison Bostwick's motive from bringing the allegations was to be able to live with her father instead of her mother and Plaintiff.

95. Madison Bostwick's credibility was highly suspect because of the reports from her mother, Stefani Alexander.

96. Madison Bostwick's claim that she had been home from school on the date of the last allegation had been refuted by school attendance records supplied by the defense.

97. Based on all of the available information, by August 15, 2015, probable cause to maintain or continue the prosecution of Plaintiff did not exist.

98. Plaintiff was arrested on January 14, 2015 immediately after his interview with Defendant Harrison.

99. Plaintiff was arraigned on January 14, 2015.

100.  Plaintiff remained in custody until he posted bond on January 14, 2015.

101. Plaintiff's pretrial release order of January 14, 2015 imposed the following restrictive conditions on him:
    a. Mandatory appearance for all court proceedings.
    b. Not leave the state of Michigan without permission of the court.
    c. A requirement to report an y change of address or telephone number.
    d. Prohibited from possessing or purchasing a firearm or other dangerous weapon.
    e. Stay away from Madison Bostwick by a distance of 500 feet.
102. On January 30, 2015, the pretrial release order was modified and an additional restriction of no use of alcohol was imposed.
103. Plaintiff posted his bond on January 14, 2015 at approximately 3:15 p.m. after being held in custody for approximately two hours inside the jail.
104. An order was issued by the state district court on January 14, 2015 mandating the Plaintiff submit to fingerprinting.
105. While initially in custody on January 14, 2015, Plaintiff held in a room near the booking area of the jail (away from other prisoners) and was fingerprinted and photographed before going on a video system for his arraignment in mid-afternoon.
106. When the interview by Defendant Harrison ended, two male officers entered the room and arrested Plaintiff by handcuffing him behind his back and walking him through hallways to the booking area of the jail.
107. Plaintiff suffered additional infringements of his liberty such as:
    a. Reporting monthly to pretrial services between posting bond and trial.
    b. Being required to appear for a preliminary examination on February 26, 2015.
    c. Being required to appear for motion hearings and pretrial hearings.

   d. Being required to appear for a jury trial on August 31, 2015, September 1, 2015, and September 3, 2015.

   e. Being temporarily convicted after the jury returned its verdict.

   f. Remaining under post-trial release conditions until the new trial was granted by the trial court on November 15, 2015.

   g. Returning to post-trial release conditions after the Michigan Supreme Court reversed the Michigan Court of Appeals on June 20, 2017.

   h. Returning to pretrial release conditions until the 30th Circuit Court again granted a new trial on August 16, 2017.

   i. Remaining on pretrial release conditions until the charges were dismissed on September 25, 2017.

   j. Being required to register as a sex offender until the new trial was granted.

   k. Being required to submit to an interview and provide all requested information in preparation of a presentence investigation report.

108. All criminal proceedings against Plaintiff were resolved in his favor on September 25, 2017 when the state trial court entered an order of nolle prosequi.

109. As of August 31, 2015, it was clearly established law that a prosecution could not be initiated or maintained without probable cause.

110. Defendant Kwasnik's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment enter for Plaintiff and

1. against all Defendants in an amount not less than $500,000.00;

2. against all individual Defendants for exemplary damages in an amount as determined by a jury;

3. against all Defendants for attorney fees as allowed by 42 USC §1988;

4. against all Defendants for interest on the award to the date of filing of this complaint;

5. granting such other relief as allowed by law.

VERIFICATION AND SIGNATURE BY PARTY:

10/24/2018
Date

Brian Alexander
Plaintiff

SIGNATURE BY ATTORNEY:

10/24/2018
Date

/s/ J. Nicholas Bostic
J. Nicholas Bostic P40653
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts.

<u>10/24/2018</u>                                              <u>*/s/ J. Nicholas Bostic*</u>
                                                              J. Nicholas Bostic P40653
                                                              Attorney for Plaintiff
                                                              909 N. Washington Ave.
                                                              Lansing, MI 48906