## UNITED STATES OF AMERICA

## WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

_____

BRIAN ALEXANDER,

      Plaintiff

v.

STEVEN J. KWASNIK and ANNIE
HARRISON,

      Defendants.
_____/

HON. JANET T. NEFF

File No:  1:18-cv-930

| | |
|---|---|
| J. Nicholas Bostic      (P40653) | Bonnie G. Toskey      (P30601) |
| Attorney for Plaintiff | Cohl, Stoker & Toskey |
| 909 N. Washington Ave | Attorneys for Defendants |
| Lansing, MI 48906 | 601 N. Capitol Avenue |
| (517) 706-0132 | Lansing, MI 48933 |
| | (517) 372-9000 |
| | btoskey@cstmlaw.com |

_____

## DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT

NOW COME Defendants STEVEN J. KWASNIK and ANNIE HARRISON, by and through their Attorney BONNIE G. TOSKEY of COHL, STOKER & TOSKEY, P.C., and hereby submit the following Answer to Plaintiff's Complaint:

1.      This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims.

**RESPONSE:**  Defendants admit that Plaintiff purports to seek damages for violations of the United States Constitution and federal statutes under 42 U.S.C. §§ 1983 and 1988 and under

state law claims.  Defendants neither admit nor deny the remaining allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint in that such allegations are allegations of law not necessitating a response.  However, if such allegations are deemed allegations of fact, Defendants deny as untrue the validity of Plaintiff's claims.

2.      Plaintiff Brian Michael Alexander is, and at all relevant times was, a competent adult and a resident of Ingham County in the State of Michigan.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3.      Defendant Annie Harrison is a deputy sheriff for the Ingham County Sheriff, her county of residence is unknown, and her place of conducting business is Ingham County in the State of Michigan.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4.      Defendant Steven J. Kwasnik is an assistant prosecutor for the Ingham County Prosecutor's Office, his county of residence is unknown, and he conducts his business in Ingham County in the State of Michigan.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

5.      This cause of action arose in Ingham County, and in the Western District of Michigan.

**RESPONSE:**   Defendants neither admit nor deny the allegations of fact and/or conclusions of fact and/or law contained in Paragraph 5 of Plaintiff's First Amended Complaint

as they are without sufficient information upon which to form a belief as to the truth thereof, and leave Plaintiff to his proofs.

6.      At all times relevant to this matter, Defendants were acting under color of law.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7.      This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4) for the federal claims.

**RESPONSE:**  Defendants admit only to the jurisdiction of this Court over civil actions pursuant to 28 U.S.C. §1331, and §1343(a)(4).  Defendants deny that Plaintiff has a claim.

## GENERAL ALLEGATIONS

8.      Paragraphs 1-7 are incorporated herein by reference.

**RESPONSE:**  Responses to paragraphs 1-7 are incorporated herein by reference.

9.      The complainant, Madison Bostwick,[1] alleged that her stepfather, Defendant Brian Alexander, on four occasions grinded his clothed genitals against her clothed genitals.

**RESPONSE:**  Defendants admit that Plaintiff was charged with four counts of criminal sexual conduct under MCL 750.520c with Madison Bostwick as the victim.

10.     Ms. Bostwick's mother, Stefani Alexander, during 2014 learned that Madison was not being truthful with her on more than one occasion.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 10 of Plaintiff's First Amended Complaint as to what Plaintiff's wife "learned" and leave Plaintiff to his proofs.

11.     Stefani caught Madison lying to her about her whereabouts among other things.

---

[1] Although a minor at the time of the allegation, Ms. Bostwick is currently an adult.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 11 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

12. Plaintiff and Stefani had become concerned with Madison's behavior.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 12 of Plaintiff's Complaint and leave Plaintiff to his proofs.

13. They both had caught her lying as well as doing illegal acts.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 13 of Plaintiff's First Amended Complaint that a teenager was caught "lying" and leave Plaintiff to his proofs. Defendants deny that Madison Bostwick engaged in "doing" illegal acts for the reason that it is untrue.

14. Plaintiff was involved in disciplining Madison for these things.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 14 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs. Further, the allegations do not provide a sufficient definite statement to which to respond.

15. Also in 2014, Ryan Bostwick notified Stefani and their daughters that he was moving back to the Lansing area to be closer to them.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 15 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

16. Madison expressed that she wanted to live with her father.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 16 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

17.    Stefani was aware that the rules for the children in Ryan's house were more relaxed.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 17 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

18.    Around Christmas 2014, Madison falsely told her younger sister (MB) that Plaintiff had sexually abused her on several occasions in the spring of 2013.

**RESPONSE:**  Defendants admit that in December of 2014 Madison shared with her younger sister that Plaintiff had sexually assaulted her on multiple occasions.  Defendants deny that this was a false statement for the reason that it was a true statement and Madison wanted to warn her younger sister of Plaintiff's predatory sexual behavior.

19.    Madison made up four events all of which were essentially similar and as described in ¶9 above.

**RESPONSE:**  Defendants deny as untrue the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20.    Madison only gave a detail capable of verification for the "last" event she claimed.

**RESPONSE:**  Defendants deny as untrue the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21.    Madison claimed that the last event occurred in her parents' bedroom watching

television when she was sick and at home from school.

**RESPONSE:**  Defendants admit that Madison originally stated that the last event occurred in her parents' bedroom when she may have been home from school early recovering from being sick.

22.    Madison testified at a preliminary examination unequivocally that she had missed school on the day of the "last" event.

**RESPONSE:**  Defendants admit that Madison testified at the preliminary examination that she may have been home from school early due to being sick on the date of the "last event". Defendants deny that this testimony was unequivocal for the reason that it was equivocal.

23.    Madison subsequently told her boyfriend and Stefani.

**RESPONSE:**  The statement set forth at paragraph 23 is incomplete, too vague, and indefinite to answer.

24.    Stefani arranged a confrontation with Madison and Plaintiff and Plaintiff denied the allegations.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 24 of Plaintiff's First Amended Complaint.

25.    A few days after Madison told her sister, MB told a teacher who reported the incident to Children's Protective Services.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint.

26.    CPS and the police then initiated their investigations.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 26 of Plaintiff's First Amended Complaint.

27.     Defendant Annie Harrison of the Ingham County Sheriff's Office was the assigned detective.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant Harrison claimed to specialize in investigating child physical and sexual abuse and adult sexual assault.

**RESPONSE:**  Defendants admit that Defendant Harrison is experienced in the investigation of child sexual abuse.

29.     She interviewed Madison, MB, and Stefani and then applied for a warrant to arrest Plaintiff.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 29 of Plaintiff's First Amended Complaint.

30.     She did not conduct any further investigation before getting the warrant.

**RESPONSE:**  Defendants deny the allegations set forth in Paragraph 30 for the reason that they are untrue.

31.     Plaintiff voluntarily met with Defendant Harrison, waived his Miranda rights, and participated in an interview with her, after which she arrested him.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     During the course of her investigation, Defendant Harrison learned that on March 11, 2015, Madison had suborned perjury from her boyfriend and did not investigate that incident by reviewing Madison's phone or obtaining her phone records.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in Paragraph 32 of

Plaintiff's First Amended Complaint.

33.     During the investigation, Stefani had informed Defendant Harrison about the several instances when Madison had lied.

**RESPONSE:**  Defendants admit that Stefani attempted to compromise her daughter's credibility through the use of examples of typical teenage minor indiscretions.

34.     Defendant Harrison did not follow up or investigate those events.

**RESPONSE:**  The statement set forth at paragraph 34 is incomplete, too vague, and indefinite to answer.

35.     During her investigation, Defendant Harrison would corroborate information received from the Plaintiff's attorneys but took no steps to corroborate or refute information from Madison.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in Paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendant Harrison was aware that Madison's behavior was causing her to get into trouble at home and this included taking photographs of herself that were inappropriate.

**RESPONSE:**  Defendants admit that Stefani informed Defendant Harrison that Madison took certain photographs of herself which Stefani described as inappropriate.  Defendants deny the remaining allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     On February 26, 2015 at the preliminary examination, Madison testified that the "last time" Plaintiff allegedly assaulted her was when she was home sick from school.

**RESPONSE:**  Defendants admit that Madison testified with clarity or certainty that the location of the most recent sexual assault by Plaintiff was in her parents' bedroom.  However, Madison testified that she was "not sure" that she was home from school sick that day.

38.     Plaintiff's defense attorneys obtained Madison's school attendance records which showed that Madison never missed any school during the relevant time frame.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 38 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

39.     On July 30, 2015, Plaintiff's sister, Jennifer told Defendant Harrison that the Plaintiff's attorneys had Madison's phone or phone records or both.

**RESPONSE:**  Defendants admit that Jennifer told Defendant Harrison that Plaintiff's attorneys had Madison's phone or phone records and that she could not share the details of those records without permission from Plaintiff's attorneys.

40.      Plaintiff's attorneys turned these records over to the prosecution on August 1, 2015.

**RESPONSE:**  Defendants admit the allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Defendants Kwasnik and Harrison met with Madison approximately one week before trial and informed her that the school records contradicted her story.

**RESPONSE:**  Defendants admit that Defendant Kwasnik met with Madison at the location of the Circuit Court for trial preparation at which time he shared that the school attendance records confirmed that she had experienced no absenteeism during the relevant time period.  Defendants deny that Defendant Harrison was present during the trial preparation as she was not present.

42.     Madison gave them a new story that claimed she had indeed been sick, but she had texted her mother from school and her mother told her to tough it out and stay at school.

**RESPONSE:**  Defendants deny that Defendant Harrison was present for the pretrial meeting for the reason that she was not present.  Defendant Kwasnik admits that Madison responded to the school records by offering that it was possible that she did not actually leave school early on the day in question.  Regardless, Madison did not change her position that she was sexually assaulted by Plaintiff in her parents' bedroom.

43.    Plaintiff's attorneys were unaware of the new detail until Madison testified during the trial on August 31, 2015.

**RESPONSE:**  Defendant Kwasnik admits that he did not consider the slight variation in circumstances giving rise to the victim leaving school on the date in question as factually material to the allegation that the victim was sexually assaulted by plaintiff in her parents' bedroom.

44.    Defendants Kwasnik and Harrison withheld this information from Plaintiff's attorneys.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint to the extent that the term "withheld" implies an intent to withhold and a duty to disclose the information as there was none.  Defendant Kwasnik admits that he did not consider the victim's explanation about her confusion about leaving school early to be relevant and material requiring disclosure to the Plaintiff's attorneys as nothing about the prospect of the victim having texted her mother implicated the alleged sexual assault, the location being the parents' bedroom, or the fact that it occurred.

45.    Defendant Kwasnik unfairly used Madison's text message story to increase Madison's credibility and damage the credibility of her mother, Stefani Alexander.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in Paragraph 45 of

Plaintiff's First Amended Complaint.

46.     On September 3, 2015, Plaintiff was convicted as charged of four counts of second-degree criminal sexual conduct (CSC), MCL 750.520c.

**RESPONSE:**  Defendants admit the allegations set forth in Paragraph 46 of Plaintiff's First Amended Complaint.

47.     After trial, Plaintiff's defense attorneys investigated Madison's new story.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 47 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

48.     Upon obtaining cell phone records, it was conclusively established that Madison had never texted Stefani about being sick at school.

**RESPONSE:**  Defendants admit that the cell phone records indicate that Madison did not text Stefani about being sick at school, however the cell phone records do indicate that there were phone calls between Madison and her mother Stefani during the subject time period.

49.     On November 15, 2015, the 30th Circuit Court granted Plaintiff a new trial.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 49 of Plaintiff's First Amended Complaint.

50.     On October 6, 2016, the Michigan Court of Appeals reversed the trial court and reinstated Plaintiff's conviction.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 50 of Plaintiff's First Amended Complaint.

51.     On June 21, 2017, the Michigan Supreme Court reversed the Court of Appeals and remanded to the 30th Circuit Court for analysis with the correct legal standard.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 51 of Plaintiff's First Amended Complaint.

52.     On August 16, 2017, the 30th Circuit Court upheld its original decision and entered an order granting a new trial.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 52 of Plaintiff's First Amended Complaint.

53.     On September 25, 2017, the trial court entered an order dismissing all charges upon the prosecutor's motion.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 53 of Plaintiff's First Amended Complaint.

54.     Defendant Harrison did not document Madison's new corroborating detail about the text message in a report likely to avoid the disclosure requirements of state criminal practice rules and *Brady v. Maryland*.

**RESPONSE:**  Defendants deny as untrue for the reason that Defendant Harrison was not present for the pretrial preparation meeting where the prospect of a text message between the victim and her mother was offered by the victim as the cause for her confusion regarding whether she left school early on the date of the most recent sexual assault.  Therefore Defendant Harrison could not have documented facts of which she had no knowledge.

55.     Defendant Harrison and Defendant Kwasnik did not disclose the new corroborating detail about the text message to Plaintiff's attorney likely because they had been told that the defense attorneys had Madison's phone and they could not risk the defense being able to disprove the claim.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 55 of

Plaintiff's First Amended Complaint.

## COUNT 1 – CONSPIRACY TO DENY DUE PROCESS
### (42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

56.     Paragraphs 1 through 54 above are incorporated herein by reference.

**RESPONSE:**  Responses to paragraphs 1 through 55 above are incorporated herein by reference.

57.     On or after August 12, 2015 through August 31, 2015, Defendants Kwasnik and Harrison did conspire or agree with each other and others currently unknown.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 57 of Plaintiff's First Amended Complaint.

58.     A purpose of the conspiracy was to impede, hinder, obstruct and defeat the due course of justice on behalf of Plaintiff in the 30th Circuit Court for Ingham County, State of Michigan unlawfully and in violation of 42 U.S.C. §1985(2).

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 58 of Plaintiff's First Amended Complaint.  Further to the extent that the allegations set out a legal conclusion, no response is required.

59.     A purpose of the conspiracy was to deprive Plaintiff of the equal protection of the laws or the equal privileges and immunities of the laws of the United States and the State of Michigan unlawfully and in violation of 42 U.S.C. §1985(3).

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 59 of Plaintiff's First Amended Complaint.  Further, to the extent that the allegations set out a legal conclusion, no response is required.

60.     On or after August 12, 2015 and through August 31, 2015, Defendant Kwasnik

committed an act in furtherance of the conspiracy by failing to disclose Madison's new version of the corroborating detail to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 60 of Plaintiff's First Amended Complaint.

61.     On or after August 12, 2015 and through August 31, 2015, Defendant Harrison committed an act in furtherance of the conspiracy by failing to document Madison's new version of corroborating detail to prevent its discovery through mandatory disclosure to Plaintiff's attorneys as required by the Due Process Clause of the Fourteenth Amendment.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 61 of Plaintiff's First Amended Complaint.  Further Defendant Harrison was not present at the time the victim offered that her confusion regarding leaving school early may have been due to having texted her mother for permission to leave school.

62.     Plaintiff was harmed by the conduct of Defendants in that a jury was convinced they should believe Madison and not believe Stefani or Plaintiff due to the inability to properly cross-examine Madison.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 62 of Plaintiff's First Amended Complaint.

63.     The harm in Paragraph 62 above was a direct and proximate result of Defendants withholding exculpatory information from Plaintiff's attorneys in violation of the Fourteenth Amendment to the United States Constitution.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 63 of Plaintiff's First Amended Complaint.

64.     Plaintiff was harmed by the conduct of Defendants in that he remained convicted until the order for a new trial was entered on November 20, 2015 and during that time he suffered the stress, embarrassment, humiliation, and emotional distress of being a convicted felon, having to register on the sex offender registry, permanent loss of his employment as a police officer, and severe stress to his marriage.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 64 of Plaintiff's First Amended Complaint.

65.     Plaintiff was harmed by the conduct of Defendants in that he incurred the unnecessary and extreme expense of retaining attorneys to continue his defense through appeals by the prosecution and appeals on his behalf until the matter was dismissed on September 25, 2017.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 65 of Plaintiff's First Amended Complaint.

### COUNT 2 – DENIAL OF DUE PROCESS BY DEFENDANT KWASNIK
### (42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

66.     Paragraphs 1 through 65 above are incorporated herein by reference.

**RESPONSE:**  Responses to paragraphs 1-65 above are incorporated herein by reference.

67.     Between August 12, 2015 and August 31, 2015, Defendant Kwasnik had a duty to disclose the information from Madison concerning her new explanation about the text message because the disclosure would have furthered impeachment of Madison as a witness.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 67 of Plaintiff's First Amended Complaint.  Further, to the extent that paragraph 67 asserts a legal conclusion, no response is required.

68.     The duty to disclose was clearly established as a requirement in a criminal prosecution pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**RESPONSE:**  Defendants neither admit nor deny the allegations set forth in Paragraph 68 of Plaintiff's First Amended Complaint as such allegations are conclusions of law not necessitating a response.   However, if such allegations are deemed allegations of fact, Defendants deny as untrue the validity of Plaintiff's claims.

69.     Defendant Kwasnik deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 69 of Plaintiff's First Amended Complaint.

70.     Defendant Kwasnik's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 70 of Plaintiff's First Amended Complaint.

COUNT 3 – DENIAL OF DUE PROCESS BY DEFENDANT HARRISON
(42 U.S.C. §1985 – FOURTEENTH AMENDMENT)

71.     Paragraphs 1 through 70 above are incorporated herein by reference.

**RESPONSE:**  Responses to paragraphs 1-70 above are incorporated herein by reference.

72.     Between August 12, 2015 and August 31, 2015, Defendant Harrison had a duty to disclose the information from Madison concerning her new explanation about the text message because the disclosure would have furthered impeachment of Madison as a witness.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 72 of Plaintiff's First Amended Complaint.  Further the allegations of paragraph 72 constitute a legal conclusion to which no response is required.

73. The duty to disclose was clearly established as existing pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**RESPONSE:** Defendants neither admit nor deny the allegations set forth in Paragraph 73 of Plaintiff's First Amended Complaint as such allegations are conclusions of law not necessitating a response.  However, if such allegations are deemed allegations of fact, Defendants deny as untrue the validity of Plaintiff's claims.

74. Defendant Harrison deliberately and maliciously withheld the information for the purpose of violating and did cause a violation of Plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant Harrison's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 75 of Plaintiff's First Amended Complaint.

COUNT 4 – MALICIOUS PROSECUTION
(Fourth Amendment – 42 U.S.C. §1983)

76. Paragraphs 1 through 75 above are incorporated herein by reference.

**RESPONSE:** Responses to paragraphs 1-75 above are incorporated herein by reference.

77. On or about January 13, 2015, Defendant Harrison prepared a warrant request for

Plaintiff and submitted it to the Ingham County Prosecutor's Office for criminal charges.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 77 of Plaintiff's First Amended Complaint.

78.   Defendant Harrison included in the warrant request her investigation report.

**RESPONSE:**  Defendants admit that she supported her warrant request in part with her criminal investigative report.

79.   Approximately one week before trial, Defendants Kwasnik and Harrison participated in an interview with Ms. Bostwick regarding the false claim of missing school on the day of the last allegation.

**RESPONSE:**  Defendants deny that there was an interview regarding the "false claim of missing school on the day of the last allegation" for the reason that it is untrue being that there was no false claim.  Defendants admit that Defendant Kwasnik met with Madison approximately one week before trial at the Circuit Court to prepare her for trial.  Defendant Kwasnik admits that Madison responded to the school records by offering that it was possible that she may have been confused about leaving school early having instead texted her mother for permission to leave. Regardless, Madison did not change her position that she was sexually assaulted by Plaintiff in her parents' bedroom on the date in question.  Defendants deny as untrue the allegation that Defendant Harrison participated in the pretrial meeting as she was not present and had no knowledge of the outcome of the meeting.

80.   Defendant Harrison's submission of the warrant request, inclusion of her investigation report, and participation in the meeting approximately one week before trial establish her participation in the initiation of the criminal charges against Plaintiff.

**RESPONSE:**  Defendants admit in so far as Defendant Harrison submitted a warrant

request supported by a detailed criminal investigation report.  Defendants deny that Defendant

Harrison participated in a pretrial meeting one week before trial for the reason that this is untrue.

81.    The material omissions from Defendant Harrison's investigative report about the

credibility of Madison Bostwick influenced the initiation of criminal charges against Plaintiff.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 81 of

Plaintiff's First Amended Complaint.

82.    The narrative portion of Defendant Harrison's investigative report concerning her

interview with Stefani Alexander (Plaintiff's wife) was biased to falsely portray her interview as

negative to her credibility.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 82 of

Plaintiff's First Amended Complaint.

83.    The narrative portion of Defendant Harrison's investigative reports concerning her

interviews with Stefani Alexander and Jennifer Alexander were biased to falsely portray Plaintiff

as responsible for the accusations of Madison Bostwick.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 83 of

Plaintiff's First Amended Complaint.

84.    Upon information and belief, Defendant Harrison submitted or caused to be

submitted referrals to Children's Protective Services against Stefani Alexander and Jennifer

Alexander to chill their opposition to the prosecution.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 84 of

Plaintiff's First Amended Complaint.

85.    By on or about August 15, 2015, Defendants Kwasnik and Harrison, were aware:

a.    Plaintiff had passed private polygraphs confirming his denials.

b.      Ms. Bostwick had solicited a friend to make a false statement.

c.      Ms. Bostwick had engaged in numerous and series falsehoods with her mother.

d.      Ms. Bostwick had fabricated the claim that she missed school on the date of the last allegation.

e.      Ms. Bostwick had fabricated the claim that she did not have a television in her own room.

**RESPONSE:**  Defendants admit awareness of Plaintiff's claims regarding (a), (b) and (c) and deny awareness of (d) and (e).

86.    Notwithstanding being aware of the items in Paragraph 84 above, Defendants Kwasnik and Harrison continued and maintained the prosecution of Plaintiff.

**RESPONSE:**  Defendants admit that warrants were issued based on probable cause by an independent magistrate or Judge and that the prosecution of Plaintiff proceeded to trial. Defendants deny as untrue the remaining allegations set forth in paragraph 86 of Plaintiff's First Amended Complaint.

87.    It has been clearly established law since at least 2006 that uncorroborated allegations of a child are to be treated with caution.

**RESPONSE:**  Defendants neither admit nor deny the allegations set forth in Paragraph 87 of Plaintiff's First Amended Complaint as such allegations are conclusions of law not necessitating a response.   However, if such allegations are deemed allegations of fact, Defendants deny as untrue the validity of Plaintiff's claims.

88.    Once the only piece of corroborating information was refuted, Defendants Kwasnik and Harrison allowed or encouraged Madison Bostwick to provide another fabricated piece of corroborating information and failed to disclose it until her testimony before the jury.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 88 of Plaintiff's First Amended Complaint.

89.     Defendants Kwasnik's and Harrison's disregard of the circumstances listed above as of on or about August 15, 2015 make their withholding of the information about the purported text message a knowing and reckless act which was material to refuting probable cause.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 89 of Plaintiff's First Amended Complaint.  Further to the extent the allegation set out in paragraph 89 is a legal conclusion, no response is required.

90.     Defendant Kwasnik was assigned as the assistant prosecutor after the case was initially charged.

**RESPONSE:** Defendants admit the allegations set forth in paragraph 90 of Plaintiff's First Amended Complaint.

91.     Defendant Kwasnik engaged in communications with defense counsel from January 2015 throughout trial and in to post-judgment proceedings in October 2017.

**RESPONSE:** Defendants admit the allegations set forth in paragraph 91 of Plaintiff's First Amended Complaint.

92.     Defendant Kwasnik's participated in and influenced the maintenance and continuation of the prosecution after probable cause no longer existed.

**RESPONSE:** Defendants deny as untrue the allegations set forth in paragraph 92 of Plaintiff's First Amended Complaint.  Further to the extent the allegation set out in paragraph 92 is a legal conclusion, no response is required.

93.     Defendants Kwasnik and Harrison failed to corroborate Madison Bostwick's new explanation that she sent a text message on the date of the last allegation.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 93 of Plaintiff's First Amended Complaint.  Further Defendant Harrison was not present at the pretrial preparation meeting held with the victim, Madison Bostwick, and therefore had no knowledge of the victim's offer of her explanation for her confusion regarding the event that had occurred two years earlier.

94.     Madison Bostwick's motive from bringing the allegations was to be able to live with her father instead of her mother and Plaintiff.

**RESPONSE:**  Defendants deny for the reason that it is not true and in that regard, the victim has consistently stated that her sole motive in bringing forth the allegations was to protect her younger sister from the Plaintiff's same sexual predatory behavior that she had experienced.

95.     Madison Bostwick's credibility was highly suspect because of the reports from her mother, Stefani Alexander.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 95 of Plaintiff's First Amended Complaint.

96.     Madison Bostwick's claim that she had been home from school on the date of the last allegation had been refuted by school attendance records supplied by the defense.

**RESPONSE:**  Defendants admit to the extent that the school records appear to document that Madison was not absent from school on the date of the most recent sexual assault. Defendants deny that the records were supplied by the defense as Defendant Harrison obtained the school attendance records.

97.     Based on all of the available information, by August 15, 2015, probable cause to maintain or continue the prosecution of Plaintiff did not exist.

**RESPONSE:**  Defendants deny as untrue the allegations set forth in paragraph 97 of

Plaintiff's First Amended Complaint. Further to the extent the allegation set out in paragraph 89 is a legal conclusion no response is required.

98.     Plaintiff was arrested on January 14, 2015 immediately after his interview with Defendant Harrison.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 98 of Plaintiff's First Amended Complaint.

99.     Plaintiff was arraigned on January 14, 2015.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 99 of Plaintiff's First Amended Complaint.

100.     Plaintiff remained in custody until he posted bond on January 14, 2015.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 100 of Plaintiff's First Amended Complaint.

101.     Plaintiff's pretrial release order of January 14, 2015 imposed the following restrictive conditions on him:

a.     Mandatory appearance for all court proceedings.

b.     Not leave the state of Michigan without permission of the court.

c.     A requirement to report any change of address or telephone number.

d.     Prohibited from possessing or purchasing a firearm or other dangerous weapon.

e.     Stay away from Madison Bostwick by a distance of 500 feet.

**RESPONSE:**  Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 101 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

102.     On January 30, 2015, the pretrial release order was modified and an additional

restriction of no use of alcohol was imposed.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 102 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

103. Plaintiff posted his bond on January 14, 2015 at approximately 3:15 p.m. after being held in custody for approximately two hours inside the jail.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 103 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

104. An order was issued by the state district court on January 14, 2015 mandating the Plaintiff submit to fingerprinting.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 104 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

105. While initially in custody on January 14, 2015, Plaintiff held in a room near the booking area of the jail (away from other prisoners) and was fingerprinted and photographed before going on a video system for his arraignment in mid-afternoon.

**RESPONSE:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained within paragraph 105 of Plaintiff's First Amended Complaint and leave Plaintiff to his proofs.

106. When the interview by Defendant Harrison ended, two male officers entered the room and arrested Plaintiff by handcuffing him behind his back and walking him through hallways to the booking area of the jail.

**RESPONSE:**  Defendants admit the allegations set forth in paragraph 106 of Plaintiff's First Amended Complaint.

107.    Plaintiff suffered additional infringements of his liberty such as:

a.    Reporting monthly to pretrial services between posting bond and trial.

b.    Being required to appear for a preliminary examination on February 26, 2015.

c.    Being required to appear for motion hearings and pretrial hearings.

d.    Being required to appear for a jury trial on August 31, 2015, September 1, 2015, and September 3, 2015.

e.    Being temporarily convicted after the jury returned its verdict.

f.    Remaining under post-trial release conditions until the new trial was granted by the trial court on November 15, 2015.

g.    Returning to post-trial release conditions after the Michigan Supreme Court reversed the Michigan Court of Appeals on June 20, 2017.

h.    Returning to pretrial release conditions until the 30th Circuit Court again granted a new trial on August 16, 2017.

i.    Remaining on pretrial release conditions until the charges were dismissed on September 25, 2017.

j.    Being required to register as a sex offender until the new trial was granted.

k.    Being required to submit to an interview and provide all requested information in preparation of a presentence investigation report.

**RESPONSE:**   Defendants deny the legal conclusion that Plaintiff experienced an infringement of his liberty for the reason that probable cause was established for the basis of warrants being issued and Plaintiff received the benefit of a preliminary exam by a district judge.

108.   All criminal proceedings against Plaintiff were resolved in his favor on September 25, 2017 when the state trial court entered an order of nolle prosequi.

**RESPONSE:**   Defendants admit that the Office of the Ingham County Prosecutor determined in its discretion to move to dismiss the charges against Plaintiff on September 25, 2017.

109.   As of August 31, 2015, it was clearly established law that a prosecution could not be initiated or maintained without probable cause.

**RESPONSE:**   Defendants neither admit nor deny the allegations set forth in Paragraph 109 of Plaintiff's First Amended Complaint as such allegations are conclusions of law not necessitating a response.   However, if such allegations are deemed allegations of fact, Defendants deny as untrue the validity of Plaintiff's claims.

110.   Defendant Kwasnik's conduct was a direct and proximate cause of harm to Plaintiff as described in Paragraphs 62 through 65 above.

**RESPONSE:**   Defendants deny as untrue the allegations set forth in paragraph 110 of Plaintiff's First Amended Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, award them costs and attorney fees incurred, and grant such other and further relief as justice may require.

Respectfully submitted,

COHL, STOKER & TOSKEY P.C.

Date: November 30, 2018          By:____/s/  Bonnie G, Toskey_____
                                 Bonnie G. Toskey      (P30601)
                                 Attorneys for Defendants

## **AFFIRMATIVE DEFENSES**

Defendants STEVEN J. KWASNIK and ANNIE HARRISON, by and through their Attorney BONNIE G. TOSKEY, of COHL, STOKER & TOSKEY, P.C., hereby state the following affirmative defenses in response to Plaintiff's Complaint:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by governmental immunity, whether it be statutory, common law, absolute, or qualified immunity.

3.     Plaintiff's claims for liability for a *Brady v Maryland,* 373 U.S. 83 (1963) violation as to Defendant Harrison fail as only prosecutors, not law enforcement officers have a Duty under Brady to disclose supposedly exculpatory information to a criminal defendant or that defendant's legal team.

4.     Plaintiff's claims as to Defendant Kwasnik fail as he is entitled to absolute immunity.

5.     Plaintiff's claims for liability for a *Brady* violation fail as there is no *Brady* violation when criminal defendant knew or should have known the essential facts necessary to obtain the information in question.

6.     Plaintiff's claims against Defendant Harrison fail as Defendant Harrison had a duty only to disclose apparently exculpatory information to the prosecuting attorney if the prosecuting attorney was otherwise unaware of the information.

7.     Plaintiff's claims of malicious prosecution fail because probable cause existed to justify the charges against Plaintiff.

8.     Plaintiff's claims of malicious prosecution fail as probable cause was found at the preliminary examination collaterally estopping Plaintiff from asserting a lack of probable cause.

9.     Plaintiff's claims of malicious prosecution fail as the criminal charges were not resolved in Plaintiff's favor.

10.    Plaintiff's claims fail as to Defendant Harrison as she had no involvement in the decision to prosecute Plaintiff.

11.    All warrants were issued by an independent judge or magistrate and Plaintiff received the benefit of a preliminary exam in district court on all charges and was at all times represented by a defense attorney.

12.    Plaintiff's claims are barred by the applicable Statutes of Limitation.

13.    Plaintiff's claim is barred by estoppel, waiver and/or laches.

14.    Defendants reserve the right to add additional Affirmative Defenses as they become known through discovery or otherwise.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, and grant Defendants such other and further relief as may be required, including an award of costs and attorney fees incurred.

Respectfully submitted,

COHL, STOKER & TOSKEY P.C.

Date: November 30, 2018                    By:___/s/  Bonnie G, Toskey_____
                                           Bonnie G. Toskey      (P30601)
                                           Attorneys for Defendants
                                           601 N. Capitol Avenue
                                           Lansing, MI 48933
                                           (517) 372-9000