# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

BRIAN [MICHAEL] ALEXANDER,
    Plaintiff,

-v-

STEVEN J. KWASNIK and
ANNIE HARRISON,
    Defendants.
_____/

File No. 1:18-cv-930
Hon. Janet Neff

**PRE-MOTION CONFERENCE REQUEST**

| | |
|---|---|
| J. Nicholas Bostic (P40653)<br>Attorney for Plaintiffs<br>909 N. Washington Ave.<br>Lansing, MI 48906<br>(517) 706-0132 | Bonnie G. Toskey (P30601)<br>Gordon J. Love (P74713)<br>COHL, STOKER & TOSKEY, P.C.<br>Attorneys for Defendants<br>601 N. Capitol Avenue<br>Lansing, MI 48933<br>(517) 372-9000<br>btoskey@cstmlaw.com<br>glove@cstmlaw.com |

_____

## PRE-MOTION CONFERENCE REQUEST

## ON BEHALF OF DEFENDANT ANNIE HARRISON

Respectfully submitted by:

Bonnie G. Toskey (P30601)
Gordon J. Love (P74713)
COHL, STOKER & TOSKEY, P.C.
Attorneys for Defendant Annie Harrison
601 N. Capitol Avenue
Lansing, MI 48933
(517) 372-9000
btoskey@cstmlaw.com
glove@cstmlaw.com

1. Plaintiff sues for violation of his constitutional rights, conspiracy to violate his constitutional rights, under 42 U.S.C. § 1985, and malicious prosecution, claiming failure to disclose exculpatory evidence contrary to the requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. Defendant Harrison is, and at all relevant times was—as Plaintiff himself claims, Complaint, ¶¶3, 29-35, 41—an Ingham County Deputy Sheriff, among whose official duties was investigation of a complaint by "MB", a female then aged between 13 and 16 years, that Plaintiff, the victim's stepfather, on four separate occasions, rubbed his clothed pelvic area against hers, without MB's consent, in violation of MCL 750.520(c)(1)(b) (2nd degree criminal sexual conduct).

3. The gravamen of the Complaint as to Defendant Harrison is an alleged failure to disclose certain ostensibly exculpatory evidence—a change in details as to MB's story of the events leading up to the "last incident" of CSC 2nd—to Plaintiff or his criminal defense attorney prior to commencement of Plaintiff's criminal trial. Complaint, ¶¶41-44.

4. Plaintiff's legal theory as to defendant Harrison's liability for a *Brady* violation is inherently invalid—only prosecutors, not law enforcement officers, have a duty under *Brady* to disclose supposedly exculpatory information to a criminal defendant or that defendant's legal team.

5. A deputy sheriff like Defendant Harrison has a duty under *Brady* only to reveal any known exculpatory information to the prosecuting attorney. *D'Ambrosio v. Marino*, 747 F.3d 378, 389-91 (6th Cir. 2014).

6. The Complaint itself (¶¶41-42) alleges that the supposedly exculpatory information—MB's changed story of the "last incident"—was equally known to the assigned Assistant Prosecuting Attorney, Defendant Kwasnik.

7. Defendant Harrison was not present at the pre-trial preparation meeting held between the victim, Assistant Prosecuting Attorney Kwasnik and Victim-Witness Coordinator Marissa Berry. Defendant Harrison therefore had no knowledge of any clarification in details about school attendance on the date of the last assault incident.

8. Therefore, taking the Complaint as alleged, Defendant Harrison's duty of disclosure was irrelevant, because the prosecutor already knew the *Brady* information.

9. As for the claim of malicious prosecution, (a) probable cause existed to justify the criminal charges against plaintiff, as Plaintiff admits (Complaint, ¶37), and as was found at preliminary examination, collaterally estopping Plaintiff from now contending the contrary, *Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987), (b) the decision to prosecute was made solely by Assistant Prosecuting Attorney Rousseau who authorized the filing of charges against Plaintiff and not influenced by Harrison, *McKinley v. City of Mansfield*, 404 F.3d 418, 443-5 (6th Cir.2005), and (c) the criminal charges against Plaintiff were never resolved in his favor, *Craft v. Billingslea* (17-cv-12752, E.D. Mich S.D., 2017; *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir.1999).

10. Defendant Harrison accordingly requests permission to file a Motion for Summary Judgment under Rule 56.

11. Because the Complaint as to defendant Harrison was formulated without requisite legal research to determine its viability in the face of established lack of duty to

2

disclose anything to the Plaintiff or his criminal defense attorney was created and filed by Attorney J. Nicholas Bostic, the process of seeking sanctions under Rule 11 will also be initiated.

    For the above stated reasons, Defendant Harrison requests a Pre-Motion Conference pursuant to this Honorable Court's Information and Guidelines for Civil Procedure.

        Respectfully submitted,

        COHL, STOKER & TOSKEY, P.C.

Dated: January 15, 2019    By:   /s/ Bonnie G. Toskey
        Bonnie G. Toskey (P30601)
        Attorneys for Defendant Harrison
        601 N. Capitol Avenue
        Lansing, MI 48933
        (517) 372-9000
        btoskey@cstmlaw.com

N:\Client\Ingham\Prosecutor\Litigation\Alexander\Pleadings\Pre-Motion Conference Request_Annie Harrison - Final.doc