## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

BRIAN [Michael] ALEXANDER,

      Plaintiff,

-v-                                  File No. 1:18-cv-930

STEVEN J. KWASNIK and             Hon. Janet Neff
ANNIE HARRISON,

      Defendants.

_____/

| | |
|---|---|
| J. Nicholas Bostic  (P40653) | Bonnie G. Toskey  (P30601) |
| Attorney for Plaintiffs | Sarah K. Osburn  (P55539) |
| 909 N. Washington Ave. | Cohl, Stoker & Toskey |
| Lansing, MI 48906 | Attorneys for Defendants |
| (517) 706-0132 | 601 N. Capitol Avenue |
| | Lansing, MI 48933 |
| | (517) 372-9000 |
| | btoskey@cstmlaw.com |
| | sosburn@cstmlaw.com |

---

## DEFENDANT KWASNIK'S MOTION TO DISMISS

### And

## DEFENDANT HARRISON'S MOTION

## FOR SUMMARY JUDGMENT

### With

### SUPPORTING BRIEF

### * * * Oral Argument Requested * * *

Respectfully submitted by:

Bonnie G. Toskey  (P30601)
Sarah K. Osburn  (P55539)
Cohl, Stoker & Toskey
Attorneys for Defendants
601 N. Capitol Avenue
Lansing, MI 48933
(517) 372-9000

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i, ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii - viii

Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Brief in Support of Defendant Kwasnik's Motion to Dismiss and Defendant Harrison's
     Motion for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

I     Defendant Kwasnik is Entitled to Dismissal with Prejudice of All Claims on
     Grounds of Absolute Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     A.    Defendant Kwasnik:  Standards for a Motion to Dismiss Pursuant to
             F.R.CiV.P. 12 (b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

     B.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

II    Defendant Harrison Was Not Present During the Final Trial Preparation Meeting
     With the Victim, and Owed No *Brady* Duty to Disclose Anything to Plaintiff or
     Plaintiff's Criminal Defense Attorney; Defendant Harrison's Duty to Disclose
     Known Exculpatory Information to the Prosecuting Attorney Was, as the
     Complaint Itself Concedes (PageID. 36, ¶¶41-42), Either Fulfilled or Rendered
     Irrelevant by Virtue of the Prosecuting Attorney's Equal Knowledge of the
     Claimed Undisclosed Datum, and Therefore Defendant Harrison is Entitled to
     Summary Judgment of All *Brady* Claims Against Her . . . . . . . . . . . . . . . . . . . . . .   6

     A.    Defendant Harrison:  Standards for Summary Judgment . . . . . . . . . . . . . . .   7

     B.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

III   Where Defendant Kwasnik has Absolute Immunity From Plaintiff's Claims, and
     Defendant Harrison Owed Plaintiff No Duty Under *Brady* to Disclose Anything,
     Plaintiff's Complaint Fails to Cognizably Plead an Actionable Conspiracy . . . . . . . . .   8

IV    The Malicious Prosecution Claim Against Defendant Harrison Fails Because (a)
     the Criminal Charges Against Plaintiff Were Not Terminated in His Favor, (b)
     Probable Cause Existed, and (c) the Decision to Prosecute Was Made Solely by
     an Assistant Prosecutor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

|       | (a) | The Criminal Prosecution Did Not Terminate in Plaintiff's Favor . . . . . . . . . . | 10 |
|       | (b) | Probable Cause Was Established as a Matter of Law . . . . . . . . . . . . . . . . . . . | 11 |
|       | (c) | Defendant Harrison Cannot be Liable for Malicious Prosecution, Where the Decision to Prosecute Was Made by Assistant Prosecuting Attorney Rousseau . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |

Relief Requested . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Index of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

# INDEX OF
# AUTHORITIES

Page Nos.

Federal Cases

*Abbott v. Mich.*
 *474 F.3d 324, 330 (6th Cir. 2007)*   12

*Ahlers v. Schebil*
 *188 F.3d 365, 367-69, 371, 374 (6th Cir. 1999)*   12, 13

*Albright v. Oliver*
 *510 U.S. 266, 271, 273-75 (1994)*   10, 11

*Anderson v. Liberty Lobby, Inc.*
 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)   7

*Barnes v. Dorsey*
 480 F.2d 1057 (8th Cir. 1973)   5

*Bazzi v. City of Dearborn*
 658 F.3d 598, 602 (6th Cir. 2011)   8

*Bell v Ohio State Univ*
 351 F.3d 240 (6th Cir. 2003)   9

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544, 555, 570 (2007)   3, 4

*Binay v. Bettendorf*
 601 F.3d 640, 650 (6th Cir. 2010)   9

*Brady v. Maryland*
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)   4, 5, 7

*Brinegar v United States*
 338 US 160, 175-6 (1949)   11

*Bryant v. Commonwealth of Kentucky*
 490 F.2d 1273, 1274, 1275 (6th Cir. 1974) (*per curiam*)   9

*Buck v. Thomas M. Cooley Law Sch.*
 597 F.3d 812, 816 (6th Cir. 2010)   4

Page Nos.

*Buckley v Fitzsimmons*
     509 U.S. 259, 272-273 (1993)     6

*Buckley v. Fitzsimmons (On Remand)*
     20 F.3d 789, 796-7 (7th Cir. 1994)     9

*Burns v. Olde Discount Corp.*
     212 Mich App 576, 581; 538 NW2d 686, 688 (1995)     13

*Burns v. Reed*
     500 U.S. 478, 492 (1991)     5, 6

*Callihan v. Schneider*
     178 F.3d 800, 804 (6th Cir.1999)     10

*Carroll v. United States*
     267 U.S. 132, 162 (1925)     11

*Carter v. City of Detroit*
     678 Fed.Appx. 290, 293-294 (6th Cir. 2017)     8

*Castellano v Fragazo*
     352 F.3d 939, 953 (5th Cir.2003)(en banc)     9

*Celotex Corp. v. Catrett*
     477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)     7

*Coogan v. City of Wixom*
     820 F.2d 170, 172, 174-75 (6th Cir.1987)     10, 12

*Craft v. Billingslea*
     2017 WL 6039559, at *5 (E.D.Mich. December 6, 2017)(Drain, J.)     10

*D'Ambrosio v. Marino*
     747 F.3d 378, 389-91 (6th Cir. 2014)     7

*Darrah v Oak Park*
     255 F.3d 301, 312 (6th Cir.,2001)     11

*Dorsey v. Barber*
     517 F.3d 389, 399 n.4 (6th Cir. 2008)     9

*Fare Deals Ltd. v. World Choice Travel.Com, Inc.*
     180 F.Supp.2d 678, 683 (D. Md. 2001)     4

Page Nos.

*Fayetteville Investors v. Commercial Builders, Inc.*
  936 F.2d. 1462, 1465 (4th Cir. 1991)                    4

*Frantz v. Vill. of Bradford*
  245 F.3d 869, 874 (6th Cir. 2001)                       12

*Georgia-Pac. Consumer Prod. LP v. Four -U-Packaging, Inc.*
  701 F.3d 1093, 1098-99 (6th Cir. 2012)                  12

*Heck v. Humphrey*
  512 U.S. 477, 486-7 (1994)                              10

*Helmig v. Fowler*
  828 F.3d 755, 762 (8th Cir. 2016)                       8

*Hosack v. Utopian Wireless Corp.*
  No. 11-0420, 2011 WL 1743297 at *5 (D. Md. May 6, 2011) 4

*Imbler v. Pachtman*
  424 U.S. 409, 422-31, (1976)                            5

*Ireland v. Tunis, supra*
  113 F. 3d 1435, 1446-1447 (6th Cir. 1997)               6, 13

*Jerome v Crum*
  *695 Fed.Appx. 935, 941 (6th Cir.2017)*                 12

*Johnson v. Moseley*
  *790 F.3d 649, 655 (6th Cir. 2015)*                     12

*Jorden v. Nat'l Guard Bureau*
  799 F.2d 99, 108 n.12 (3d Cir. 1986)                    5

*Kinkus v. Vill. Of Yorkville,*
  289 Fed.Appx. 86, 91 (6th Cir. 2008)                    13

*Kostal v. Stoner*
  292 F.2d 492 (10th Cir. 1961)                           5

*Kyles v Whitely*
  514 U.S. 419, 437 (1995)                                4

*Lanning v City of Glens Falls*
  908 F.3d 19 (2nd Cir.,2018)                             9

v

Page Nos.

*McKinley v. City of Mansfield*
    404 F.3d 418, 444 (6th Cir.2005)      6

*Omnicare, Inc. Sec. Litig.,*
    769 F.3d 455, 466 (6th Cir. 2014)      3

*Peatross v. City of Memphis*
    818 F.3d 233, 240 (6th Cir. 2016)      3

*Puett v. City of Detroit, Dept. of Police*
    323 F.2d 591 (6th Cir. 1963), cert. den., 376 U.S. 957 (1964)      5

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.), supra*
    151 F.Supp.2d at 406      4

*Rivers v. Ex-Cell-O Corp.*
    100 Mich.App. 824, 300 N.W.2d 420, 424 (Mich.1980)      10

*Rogers v. O'Donnell*
    737 F.3d 1026, 1032 (6th Cir. 2013)      6

*Sampson v. Mackinaw City*
    685 Fed.Appx. 407, 416-417 (6th Cir.2017)      13

*Spurlock v. Satterfield*
    167 F.3d 995, 1006 (6th Cir.1999)      11

*Stewart v. Deghroony*
    566 F.Supp. 1256, 1257 (E.D.Mo.1983)      5, 9

*Sybrandt v. Home Depot, U.S.A., Inc.*
    560 F.3d 553, 557 (6th Cir. 2009)      7

*Sykes v. State of California (Dept. of Motor Vehicles)*      5
    497 F.2d 197 (9th Cir. 1974);

*Thacker v. City of Columbus*
    328 F.3d 244, 258-59 (6th Cir. 2003)      9

*Thornton v. City of Columbus*
    171 F.Supp.3d 702, 710 (S.D.Ohio 2016)      10

                                                                        Page Nos.

*United States v. Dean*
          657 Fed.Appx. 503 (6th Cir. 2016)                               12

*Van de Kamp v. Goldstein*, 555
          U.S. 335, 345 (2009)                                              5

*Weberg v. Franks*
          229 F.3d 514, 528 (6th Cir. 2000)                                 8

*Wendrow v. Michigan Dep't of Human Servs.*
          534 Fed.Appx. 516, 2013 WL 4530055 (6th Cir. Aug. 28, 2013)       6


State Cases

*Gedratis v. Carroll*
          247 Mich. 141, 145, 225 N.W. 625 (1929)                          10

*Koski v. Vohs*,
          426 Mich 424, 395 N.W.2d 226, 232 (1986)                         11

*Monat v. State Farm Ins Co*
          469 Mich. 679, 680-1; 677 N.W.2d 843 (2004)                      12

*People v Perkins*
          468 Mich. 448, 452; 662 N.W.2d 727 (2003)                        12


Federal Rules

Fed. R. Civ. P. 12(b)(6)                                               1, 3, 13
Fed. R. Civ. P. 8(a)(2)                                                      4
Fed. R. Civ. P. 8(d)(1)                                                      4
Fed. R. Civ. P. 8(e)(2)                                                      4
Fed. R. Civ. P. 56                                                        1, 3
Fed. R. Civ. P. 56(c)                                                    7, 14


Michigan Court Rules

MCL 750.520c(1)(b)                                                           2

Page Nos.

Federal Statutes

28 U.S.C. § 1738                                                                    12
42 U.S.C. § 1983                                                      5, 8, 9, 11, 12
42 U.S.C. § 1985                                                              2, 5

**MOTIONS**

Proceeding under F.R.Civ.P. 12(b)(6), Defendant Steven J. Kwasnik, through counsel, respectfully moves to dismiss Counts I, II and IV of the Complaint with prejudice under the doctrine of absolute immunity, based on the facts and authorities presented in the accompanying Brief in Support of Motion to Dismiss and Motion for Summary Judgment.

Defendant Annie Harrison, through counsel, respectfully moves for summary judgment under F.R.Civ.P. 56 as to Counts I, III and IV of the Complaint with prejudice based on the facts and authorities presented in the accompanying Brief in Support of Motion to Dismiss and Motion for Summary Judgment.

**BRIEF IN SUPPORT OF**
**DEFENDANT KWASNIK'S MOTION TO DISMISS**
**and**
**DEFENDANT HARRISON'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In 2015 Plaintiff Brian Alexander was charged and convicted by a jury of four counts of criminal sexual conduct 2nd degree for engaging in sexual touching of his then 14 year old step-daughter in 2013.  Defendant Harrison, a Detective with the Ingham County Sheriff's Office was the investigator assigned to the case and Defendant Kwasnik was assigned as Assistant Prosecuting Attorney.  Defendant Kwasnik did not review the warrant requests or authorize the warrant, but handled the preliminary examination and tried the case before a jury.  Defendant Kwasnik did not handle any of the post-trial proceedings.

Plaintiffs entire claim against both Defendants focuses on the final trial preparation meeting that Kwasnik held with the victim during the week prior to trial to familiarize her with the courtroom and trial procedure.  Defendant Harrison was not present for this meeting.

Plaintiff claims that during this meeting the victim changed her story as to the events that occurred on the date of the last incident of criminal sexual conduct and that Defendants had a duty to disclose this to Plaintiff's attorneys on the criminal case.  Plaintiff has filed a four count Complaint alleging conspiracy to deny due process under 42 U.S.C. §1985 as to both Defendants; denial of due process pursuant to 42 U.S.C. §1985 as to both Defendants; and malicious prosecution as to both Defendants.  Plaintiff's claims against both Defendants fail for the reasons set forth below.

## STATEMENT OF FACTS

Plaintiff and Defendants have submitted a Joint Statement of Material Facts and a Joint Exhibit Book.  Additionally, Defendants provide the following factual support for their Motion to Dismiss and/or For Summary Judgment.

On January 13, 2015, following her investigation including interviews of the victim and suspect, Defendant Harrison presented a warrant request to Ingham County Assistant Prosecuting Attorney Debra Rousseau for review seeking to charge Plaintiff with Criminal Sexual Conduct involving his adolescent step-daughter. (See Exhibit 1, Affidavit of Defendant Annie Harrison). Ingham County Assistant Prosecuting Attorney and Unit Chief Rousseau reviewed the details of the investigation, including interviews of the victim, the victim's mother, and others and approved the issuance of an arrest warrant charging four (4) counts of 2nd Degree Criminal Sexual Conduct under MCL 750.520c(1)(b)(victim at least 13 but less than 16 years of age) against Plaintiff.  Pursuant to Ingham County Prosecutor's Office procedure, the request was also reviewed and approved by a second Assistant Prosecuting Attorney, Michael Cheltenham.  (See Exhibit 1).  In his capacity as an Ingham County Prosecuting Attorney, Defendant Kwasnik was assigned to litigate the case from the preliminary examination through the jury trial.  (See Exhibit

2, Affidavit of Defendant Steven Kwasnik).

Prior to trial, on August 13, 2015, Defendant Kwasnik and Defendant Harrison along with Ingham County Victim Rights Specialist Marissa Berry met with the victim at the Prosecuting Attorney's Office to prepare her for trial.  (See Exhibit 1).  Defendant Kwasnik and Victim Rights Specialist Berry met a second time with the victim without the presence of Defendant Harrison on August 25, 2015, just prior to trial, to walk the victim through the courtroom, review photos of the crime scene, explain in more detail the trial procedure and emphasize the importance of answering every question fully, completely and honestly.  (See Exhibit 2).  At no time did the victim waver in her detailed description of how and/or where the final assault occurred and who committed it.  (See Exhibit 2).

## ARGUMENT

**Issue I:  Defendant Kwasnik is entitled to dismissal with prejudice of all claims on grounds of absolute immunity.**

### DEFENDANT KWASNIK:  STANDARDS FOR A MOTION TO DISMISS

Dismissal under F.R.Civ.P. 12(b)(6) is "appropriate when the defendant is entitled to a meritorious affirmative defense such as qualified immunity."  *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016).   To survive a motion to dismiss, the Complaint must offer sufficient factual allegations that make the asserted claims plausible on their face, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)—more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted).[1]

---

[1] "Generally, at the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014).  However, "we have recognized that if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Ibid.*  Such public records that

F.R.Civ.P. 8(a)(2) requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." *Id*. at 8(d)(1).  However, Rule 8 "does not countenance pleadings that are conclusory". *Bell Atlantic* at 555.  And "[w]hen the bare allegations of the complaint conflict with any exhibits or other documents * * * the exhibits or documents prevail." *Fare Deals Ltd. v. World Choice Travel.Com, Inc*., 180 F.Supp.2d 678, 683 (D. Md. 2001) (citing *Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir. 1991)).  Likewise, "when a complaint contains inconsistent and self-contradictory statements, it fails to state a claim." *Hosack v. Utopian Wireless Corp*., No. 11-0420, 2011 WL 1743297 at *5 (D. Md. May 6, 2011)[2].

## ANALYSIS

Plaintiff's Complaint derives from *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which held that the prosecution bears an affirmative duty "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," "and to provide it to the defense." *Kyles v Whitely*, 514 U.S. 419, 437 (1995).  This Motion to Dismiss is limited in scope pursuant to this Court's February 15, 2019 Order to the issue of immunity.  Defendant Kwasnik vehemently denies that any *Brady* violation occurred in

---

a court may consider include documents from other court proceedings.  See *Buck v. Thomas M. Cooley Law Sch*., 597 F.3d 812, 816 (6th Cir. 2010).

[2] In *Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.*)*, supra*, 151 F.Supp.2d at 406, the court explained that Fed.R.Civ.P. 8(e)(2), which allows alternative claims regardless of consistency, "cannot be construed as an invitation to incoherent, self-contradictory pleadings." Thus, factual assertions "must be sufficient to state all the requisite elements of a given theory of liability," even if they are insufficient to support a different theory. *Id*. " <u>That is not to say, however, that Rule 8(e) grants plaintiffs license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim.</u>" *Id*.

the criminal prosecution of Plaintiff and by filing a Motion to Dismiss on the basis of absolute immunity in no way waives any defenses as it pertains to the alleged *Brady* violation.

As an Assistant Prosecuting Attorney readying for and later presenting the State's case at trial, Defendant Kwasnik enjoys absolute immunity from liability for damages under 42 U.S.C. §1983 in accordance with *Imbler v. Pachtman*, 424 U.S. 409, 422-28 (1976) ("We hold only that, in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983."). Absolute immunity applies to the prosecutor's role as advocate for the state, which encompasses anything "intimately associated with the judicial phase of the criminal process". *Burns v. Reed*, 500 U.S. 478, 492 (1991), quoting *Imbler*, 424 U.S., at 430. Absolute immunity extends to claims of failure to train or supervise staff or to establish appropriate systems in regard to the advocacy function of a prosecutor. *Van de Kamp v. Goldstein*, 555 U.S. 335, 345 (2009).

*Imbler* applies equally to suits brought under 42 U.S.C. §1985 as those under §1983. The two provisions, originally Sections 1 and 2 of the Civil Rights Act of 1871, c. 22, 17 Stat. 13, have been treated identically in this context—including by the Sixth Circuit in *Puett v. City of Detroit, Dept. of Police*, 323 F.2d 591 (6th Cir. 1963), cert. den., 376 U.S. 957 (1964).[3]

Plaintiff's entire Complaint hinges on a trial preparation meeting that occurred August 25, 2015. Defendant Kwasnik met with the victim at the Circuit Court to walk the victim through the courtroom, review photos of the crime scene, and explain in more detail trial procedure. This meeting a week before trial—long after Plaintiff was bound over for trial after preliminary examination on February 26, 2015—was not "investigative" but part of the judicial

---

[3] Accord: *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974); *Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973); *Kostal v. Stoner*, 292 F.2d 492 (10th Cir. 1961); *Jorden v. Nat'l Guard Bureau* , 799 F.2d 99, 108 n.12 (3d Cir. 1986); *Stewart v. Deghroony*, 566 F.Supp. 1256, 1257 (E.D.Mo.1983).

phase of the criminal process and *clearly* within the ambit of absolute immunity. *Buckley v Fitzsimmons*, 509 U.S. 259, 272-273 (1993). A prosecutor's pretrial preparation of a witness is within the scope of absolute immunity. *Rogers v. O'Donnell*, 737 F.3d 1026, 1032 (6th Cir. 2013), citing *Wendrow v. Michigan Dep't of Human Servs.*, 534 Fed.Appx. 516, 2013 WL 4530055 (6th Cir. Aug. 28, 2013). The court in *Rogers, supra*, summarized *Ireland v. Tunis,* 113 F. 3d 1435, 1446-1447 (6th Cir. 1997), as "holding that '[i]nvestigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, warrant absolute immunity' ". Therefore even if the trial preparation meeting with the victim was "investigative", it was within the scope of absolute immunity as it was clearly undertaken in direct preparation for trial.

Count 4, Malicious Prosecution, also fails as to Defendant Kwasnik. Defendant Kwasnik did not make the decision to authorize the warrant against Plaintiff. He did handle the preliminary examination wherein the District Court determined that there was probable cause to bind Plaintiff over to Circuit Court. Regardless, absolute immunity equally applies to a claim of malicious prosecution. *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir.2005). Prosecutors have absolute immunity from suits for malicious prosecution. *Burns*, 500 U.S. at 484.

Therefore, all claims against Defendant Kwasnik are barred by absolute prosecutorial immunity, and such allegations must be dismissed with prejudice.

**Issue II:  Defendant Harrison was not present during the final trial preparation meeting with the victim, and owed no *Brady* duty to disclose anything to Plaintiff or Plaintiff's criminal defense attorney; Defendant Harrison's duty to disclose known exculpatory information to the prosecuting attorney was, as the Complaint itself concedes (PageID. 36, ¶¶41-42), either fulfilled or rendered irrelevant by virtue of the Prosecuting Attorney's equal knowledge of the claimed undisclosed datum, and therefore Defendant Harrison is entitled to summary judgment of all *Brady* claims against her.**

**DEFENDANT HARRISON:  STANDARDS FOR SUMMARY JUDGMENT**

A movant is entitled to summary judgment as a matter of law where the pleadings, affidavits, and other discoverable evidence show no genuine issue of material fact.  *Sybrandt v. Home Depot, U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009) (citing Fed.R.Civ.P. 56(c)).  Only *material* factual disputes, which are determined by the substantive law governing the issue, will be sufficient to withstand a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has identified what it believes shows an absence of a genuine dispute of material fact, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56).

**ANALYSIS**

Initially, Plaintiff claims Defendant Harrison's duty to disclose the "changed story" provided during the final trial preparation meeting was violated (PageID. 36, ¶¶41-42).  But Harrison was not present during the meeting (See Exhibits 1 and 2), and had no first-hand knowledge of what transpired.

Plaintiff's Complaint derives from *Brady, supra*.  However, <u>the duty to disclose such evidence to the defense is one owed only by the prosecuting attorney</u>, ***not by a law enforcement officer***.  This issue is controlled by *D'Ambrosio v. Marino*, 747 F.3d 378, 389-91 (6th Cir. 2014) (boldfaced emphasis added):

> **\* \* \* the role that a police officer plays in carrying out the prosecution's *Brady* obligations is distinct from that of a prosecutor. "Police officers do not disclose evidence to criminal defendants directly." *Moldowan v. City of Warren*, 578 F.3d**

**351, 379 (6th Cir. 2009) (citation omitted).  Instead, police officers fulfill their *Brady* obligations as long as they "inform the prosecutor about evidence that undermine[s] the state's preferred theory of the crime."  *Id*. at 378.** * * *The fact that *Brady* may require disclosure of evidence known only to the police and not to the prosecutor means only that it "imposes upon prosecutors a duty to learn of any favorable evidence known to the others acting on the government's behalf[,] including the police." *Harris v. Lafler*, 553 F.3d 1028, 1033 (6th Cir. 2009) (internal quotation marks omitted). **It does not mean that a police officer must disclose any sort of information--even information known only to the officer--directly to the defense**.

Accord:  *Carter v. City of Detroit*, 678 Fed.Appx. 290, 293-294 (6th Cir. 2017); *Helmig v. Fowler*, 828 F.3d 755, 762 (8th Cir. 2016).  Where, as here, Defendant Harrison was not even present when the victim supposedly "changed her story", *a fortiori* Defendant Harrison could hardly have a duty to disclose to the defense information of which Defendant Harrison was unaware.  In any event, since the Prosecutor, Defendant Kwasnik, was already fully informed, Defendant Harrison had no further obligation per *D'Ambrosio*.

**Issue III:  Where Defendant Kwasnik has absolute immunity from Plaintiff's claims, and Defendant Harrison owed Plaintiff no duty under *Brady* to disclose anything, Plaintiff's Complaint fails to cognizably plead an actionable conspiracy.**

A civil conspiracy under §1983 is "an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).  To establish a civil conspiracy claim, Plaintiff must show that (1) a "single plan" existed, (2) Defendants "shared in the general conspiratorial objective" to deprive Plaintiff of his constitutional rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to Plaintiff.  *Bazzi*, 658 F.3d at 602.  Circumstantial evidence may provide adequate proof of conspiracy.  *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000).

The Complaint is devoid of any allusion to circumstantial or direct evidence of any conspiracy.  Instead, Plaintiff's Complaint (1:18-cv-930 PageID. 37-38, ¶¶57-61) simply contains a variety of conclusory and speculative assertions.  Moreover, as shown by Exhibits 1

and 2, the allegation in ¶61 is simply false—Defendant Harrison was not present when the victim gave her "new version of corroborating detail", and so that event cannot serve as "an act in furtherance of the [supposed] conspiracy".[4]

Within the 6th Circuit, "[m]ere conclusory and unsupported allegations, rooted in speculation, do not meet [the plaintiff's] burden." *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974) (*per curiam*);  *Bell v Ohio State Univ*, 351 F.3d 240 (6th Cir.2003).  Rank speculation fares no better.  *Bryant*, *supra*, 490 F.2d at 1275.  The complete dearth of cognizable *facts* to support a conspiracy precludes pursuit of any claim against Defendant Harrison, even *if* Defendant Harrison could otherwise be held liable for conspiring with a Prosecutor who is absolutely immune from civil liability[5].  *Stewart v Degrhoony*, 566 F.Supp. 1256, 1257 (E.D.Mo.1983).

**Issue IV:  The malicious prosecution claim against Defendant Harrison fails because (a) the criminal charges against Plaintiff were not terminated in his favor, (b) probable cause existed, and (c) the decision to prosecute was made solely by an Assistant Prosecutor.**

A claim of malicious prosecution is actionable under §1983[6], *if at all,* where all elements of the state law tort are present *and* probable cause was lacking as defined by Fourth Amendment

---

[4] If some other law enforcement officer was present, Defendant Harrison could not be civilly liable for any dereliction of that other officer's duty.  An officer may not be held liable for the actions of other officers;  "[e]ach defendant's liability must be assessed individually based on his own actions."  *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citing *Dorsey v. Barber*, 517 F.3d 389, 399 n.4 (6th Cir. 2008)).

[5] Such liability is precluded.  "[E]vents not themselves supporting recovery under Sec. 1983 do not become actionable because they lead to injurious acts for which the defendants possess absolute immunity."  *Buckley v. Fitzsimmons (On Remand)*, 20 F.3d 789, 796-7 (7th Cir. 1994)

[6] This proposition is framed *arguendo*, because in *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003), the Court noted that some Sixth Circuit panels do not recognize a §1983 malicious prosecution claim, and further stated that the circuit has yet to define the elements of a *federal* malicious prosecution claim.  The Second Circuit has recently narrowly redefined the parameters of a federal malicious prosecution claim, *Lanning v City of Glens Falls*, 908 F.3d 19 (2nd Cir.,2018), as has the Fifth Circuit *en banc*.  *Castellano v Fragazo*, 352 F.3d 939, 953 (5th Cir.2003)(en banc).  Defendants thus do not concede even the theoretical validity of Count 4.

jurisprudence.  See *Albright v. Oliver*, 510 U.S. 266, 271, 274 (1994); *Coogan v. City of Wixom*, 820 F.2d 170, 174 (6th Cir.1987).  *Coogan* set forth the elements of malicious prosecution under Michigan law:  "(1) a criminal prosecution instituted against plaintiff by defendant, terminating in plaintiff's favor, (2) absence of probable cause for the criminal proceeding, and (3) malice or a primary purpose in bringing the action other than bringing the offender to justice." *Coogan,* 820 F.2d at 172 (quoting *Rivers v. Ex-Cell-O Corp.*, 100 Mich.App. 824, 300 N.W.2d 420, 424 (Mich.1980)).

**a.  The criminal prosecution did not terminate in Plaintiff's favor.**

A dismissal without prejudice is not a favorable termination for purposes of malicious prosecution under §1983.  *Craft v. Billingslea*, 2017 WL 6039559, at *5 (E.D.Mich. December 6, 2017)(Drain, J.).  "[P]roceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty."  *Thornton v. City of Columbus*, 171 F.Supp.3d 702, 710 (S.D.Ohio 2016)).  As held in *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

See also *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir.1999).  "Malicious prosecution is a remedy for wrongs done to innocent persons, not a means to afford the guilty a bonus for a failure of justice." *Gedratis v. Carroll*, 247 Mich. 141, 145, 225 N.W. 625 (1929).

The criminal sexual conduct 2nd degree charges against Plaintiff were dismissed upon a motion by the Ingham County Prosecuting Attorney's Office.   The dismissal was without prejudice meaning that the charges could be renewed against Plaintiff within the period of limitations.   A dismissal without prejudice does not constitute a termination of the case in Plaintiff's favor and therefore he cannot establish the elements of malicious prosecution.

**b.  Probable cause was established as a matter of law**

Under Michigan law, probable cause is present where sufficient facts exist to cause a prudent person to believe that another has committed a crime.  *Koski v. Vohs*, 426 Mich 424, 395 N.W.2d 226, 232 (1986).  The federal standard is fairly identical:  "probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed."  *Brinegar v United States*, 338 US 160, 175-6 (1949), quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925).

Where there is probable cause to prosecute, a §1983 action for malicious prosecution will not lie.  *Darrah v Oak Park*, 255 F.3d 301, 312 (6th Cir.,2001); *Albright v. Oliver*, *supra*, 510 U.S. at 273-75; *Spurlock v. Satterfield*, 167 F.3d 995, 1006 (6th Cir.1999).  Indeed, in *Darrah*, the Sixth Circuit resolved the issue that is presented here in a straightforward manner:  "[i]f this court finds that there was probable cause to prosecute [the plaintiff], regardless of any alleged false statements made by [whomever], then she cannot make out a malicious prosecution claim under the Fourth Amendment."  *Darrah*, 255 F.3d at 312.

Whether probable cause existed is a <u>legal</u> question.  *Darrah, id*.  Here, the existence of probable cause is resolved, *as a matter of law*, in favor of Defendant Harrison because, as Plaintiff admits (1:18-cv-930 PageID. 36, ¶37), he enjoyed the protection of a preliminary

10

examination. *People v Perkins*, 468 Mich. 448, 452; 662 N.W.2d 727 (2003). According to the Sixth Circuit, "where a state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge forecloses relitigation of that finding in a subsequent §1983 action. *Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001). The probable cause finding at preliminary examination is preclusive. *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. §1738). Where, as here, "collateral estoppel is being asserted defensively against a party who had a full and fair opportunity to litigate the issue, mutuality is not required." *Monat v. State Farm Ins Co*, 469 Mich. 679, 680-1; 677 N.W.2d 843 (2004). *Accord*: *Georgia-Pac. Consumer Prod. LP v. Four -U-Packaging, Inc*., 701 F.3d 1093, 1098-99 (6th Cir. 2012). Inconsistencies in the testimony of witnesses do not eviscerate probable cause. *United States v. Dean*, 657 Fed.Appx. 503 (6th Cir. 2016)

Thus, the victim's alleged "changed story" does not undermine that finding of probable cause or mean it ceased to exist. *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015); Jerome v Crum, 695 Fed.Appx. 935, 941 (6th Cir.2017). In *Ahlers v. Schebil*, 188 F.3d 365, 367-69 (6th Cir. 1999), the investigating detective asserted probable cause to arrest based on a jail detainee's accusation of sexual assault, while ignoring readily-available exculpatory evidence. After dismissal, the accused sued the detective for arresting him without probable cause. The 6th Circuit held that the victim's eye-witness statement alone provided "ample probable cause", and further held that "[o]nce probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused". Id. at 371. Also, upon finding that the detective had probable cause, the 6th Circuit passed on the question of

11

qualified immunity, concluding that "[d]efendants have no need for a qualified immunity defense." Id. at 374. The existence of probable cause also absolutely precludes a claim for malicious prosecution based on Michigan law. *Burns v. Olde Discount Corp.*, 212 Mich App 576, 581; 538 NW2d 686, 688 (1995).

**c.  Defendant Harrison cannot be liable for malicious prosecution, where the decision to prosecute was made by Assistant Prosecuting Attorney Rousseau.**

One element of a claim for malicious prosecution which Plaintiff cannot satisfy is that the Defendant "made, influenced, or participated in the decision to prosecute." *Sampson v. Mackinaw City*, 685 Fed.Appx. 407, 416-417 (6th Cir.2017). Here, the decision to prosecute was made on or about January 13, 2015, when Defendant Harrison submitted a warrant request to Ingham County Assistant Prosecuting Attorney Debra Rousseau (1:18-cv-930 PageID. 35, ¶29, 40, ¶77). "[A] police officer cannot be liable for Fourth Amendment malicious prosecution when he did not make the decision to bring charges, as long as the information he submitted to the prosecutor is truthful." *Kinkus v. Vill. of Yorkville*, 289 Fed.Appx. 86, 91 (6th Cir. 2008). It was Assistant Prosecutor Rousseau who had sole duty and requisite authority to approve Defendant Harrison's warrant request and to institute prosecution[7] (Exhibit 2, ¶4).

Summary judgment with prejudice of all claims against Defendant Harrison must therefore be granted.

### RELIEF REQUESTED

Dismissal with prejudice under Rule 12(b)(6) should be granted as to Defendant Kwasnik as all claims against him are barred by the doctrine of absolute prosecutorial immunity.

---

[7]Assistant Prosecutor Rousseau is, of course, absolutely immune for her decision to approve the warrant request and proceed with prosecution. *Ireland v. Tunis*, 113 F.3d 1435, 1446-47 (6th Cir. 1997).

Summary Judgment under Rule 56(c) should be granted as to all claims against Defendant Harrison for the reasons set forth above.   Therefore, Defendants request that Plaintiff's Complaint be dismissed in its entirety and that this Court award any additional relief as it deems appropriate.

Respectfully submitted,


Dated:  March 18, 2019                    By:    /s/  Bonnie G. Toskey
                                                 Bonnie G. Toskey  (P30601)
                                                 Sarah K. Osburn  (P55539)
                                                 Cohl, Stoker & Toskey, P.C.
                                                 Attorneys for Defendants
                                                 601 N. Capitol Avenue
                                                 Lansing, MI 48933
                                                 (517) 372-9000
                                                 btoskey@cstmlaw.com
                                                 sosburn@cstmlaw.com

## <u>INDEX OF EXHIBITS</u>

<u>Page Nos.</u>

Exhibit 1 – Affidavit of Defendant Annie Harrison          2, 3, 7, 8

Exhibit 2 – Affidavit of Defendant Steven Kwasnik          3, 7. 9. 13