# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRIAN [MICHAEL] ALEXANDER,

    Plaintiff,

-v-

STEVEN J. KWASNIK and
ANNIE HARRISON,

    Defendants.

    _____/

Hon. Janet Neff

File No. 1:18-cv-930

J. Nicholas Bostic (P40653)
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132

Bonnie G. Toskey (P30601)
Sarah K. Osburn (P55539)
Cohl, Stoker & Toskey
Attorneys for Defendants
601 N. Capitol Avenue
Lansing, MI 48933
(517) 372-9000
btoskey@cstmlaw.com
glove@cstmlaw.com

## AFFIDAVIT OF STEVEN J. KWASNIK

Steven J. Kwasnik, being first duly sworn, avers as follows:

1.    I make this affidavit on the basis of personal knowledge, and am competent to so testify if called as a witness at a trial or hearing.

2.    I am, and at all relevant times was, an attorney in good standing, duly licensed to practice law in the State of Michigan, and serving as an assistant prosecutor for the Ingham County Prosecuting Attorney.

3.    Ingham County Assistant Prosecuting Attorney Debra Rousseau reviewed and approved the Ingham County Sheriff's Office warrant request for Brian Alexander

and initiated the filing of formal charges. Ingham County Prosecutor's Office warrant procedure required the review and approval of a second Assistant Prosecuting Attorney, which review and approval was provided by Unit Chief Michael Cheltenham.

4. On January 13, 2015 Brian Michael Alexander was charged with four (4) counts of 2nd degree criminal sexual conduct under MCL 750.520c(1)(b) (victim at least 13 but less than 16 years of age).

5. After the warrants were issued, I was assigned to handle the prosecution of Brian Michael Alexander.

6. To the extent various ancillary details of the victim's version of key felonious events subsequently evolved during the course of the prosecution, no such alteration was, in my professional judgment as a sworn prosecuting attorney, material, as the victim never retracted or in any way recanted her claim that Brian Michael Alexander repeatedly sexually assaulted her on at least four (4) different occasions, and none of the minor discrepancies in the victim's recollection of the school day events which led up to the assaults, nor any of the plethora of claims by Brian Alexander and the victim's mother about the victim's supposed history of dishonesty, swayed my professional opinion that the charges were valid. The minor discrepancies in the victim's clarifications were well within the normal range of that of a victim recounting events which occurred two or three years prior involving trauma.

7. The claim of Brian Michael Alexander that Deputy Harrison was present with me on August 25, 2015 at a trial preparation meeting with the victim is without basis in fact.

8. It was at this trial preparation meeting that the victim speculated on the school day events leading up to the last assault. I was present to meet with the victim, along with Ingham County Victim Rights Specialist Marissa Berry in a final trial preparation meeting. I walked the victim through the courtroom, reviewed photos of the crime scene and emphasized the importance of answering every question fully, completely and honestly. The victim consistently appeared as though she did not have a clear recollection of the events of the school day on the day of the last assault other than she remembered that she was not feeling well and that was why she was in Plaintiff's bed when the assault occurred. I asked the victim about her school attendance records which had also been received by Plaintiff's then defense attorney in an attempt to clarify her testimony. She appeared genuinely uncertain and then responded with uncertain answers using terms like "I think", "maybe," and "I might have". Regardless, the victim's language pattern and usage was consistent with the way she normally spoke and described events.

9. The victim testified at trial on direct examination about her school attendance on the day of the last assault and was subject to cross-examination on the same. The victim again used word choices consistent with the way she normally spoke to describe the events.

10. After the Michigan Supreme Court's Order of Remand and Judge Collette's second Order for New Trial, based on newly discovered evidence, the Ingham County Prosecuting Attorney, after consultation with the victim, determined not to pursue a second criminal trial at that time. I was not involved with the decision to dismiss the charges.

11. In asking the Ingham County Circuit Court to dismiss the charges, the Ingham County Prosecuting Attorney's Office, did not thereby suggest, admit, or in any way concede that Brian Alexander was innocent, nor did the Ingham County Prosecuting Attorney's Office seek or obtain a dismissal with prejudice. The Order of Dismissal does not preclude a renewal of the prosecution at a later time within the period of limitations.

Further affiant says naught.

_____
Steven J. Kwasnik

Subscribed and sworn before me this ___15th___ day of March, 2019.

_____
Rebecca R. Taylor
Notary Public

REBECCA R. TAYLOR
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF EATON
My Commission Expires February 11, 2023
Acting in the County of Ingham