UNITED STATES OF AMERICA

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| Brian Alexander,<br>    Plaintiff | File No: 1:18-cv-930 |
| v. | |
| Steven J. Kwasnik and<br>Annie Harrison,<br>    Defendants. | Hon. Janet T. Neff<br>U.S. District Court Judge |

**PLAINTIFF'S MOTION RESPONSES CONSOLIDATED EXHIBITS**

Exhibit 14 – Freedom of Information Act Request by Plaintiff to Michigan State Police with denial.

RI-101 (03/2012)
MICHIGAN STATE POLICE

# REQUEST FOR PUBLIC RECORDS
AUTHORITY: 1976 PA 442; COMPLIANCE: VOLUNTARY

| Send Completed Hard-Copy Form To: | For Additional Information: |
|---|---|
| Michigan Department of State Police<br>Criminal Justice Information Center<br>Attn: Freedom of Information Unit<br>333 S. Grand Ave.<br>P.O. Box 30634<br>Lansing, MI 48909-0634 | MICHIGAN FREEDOM OF INFORMATION ACT<br><br>Questions / Comments:<br>E-Mail: MSP-FOI@michigan.gov<br>Fax: (517) 241 - 1935 |

## I. Requestor Information

| Name of Person Making Request | Company Representing | Date |
|---|---|---|
| Brian Michael Alexander | None | Mar 20, 2015 |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 2100 Moorwood Drive | Holt | MI | 48842 |

| Phone Number | | Client or Insured | Claim / File Number |
|---|---|---|---|
| +1 (517) 775-0569 | EXT. | Client | None |

## II. Type of Report Requested

☐ **Criminal History Record**
(Michigan Criminal History records are available by visiting our website at www.michigan.gov/msp and clicking on ICHAT.) The cost for providing this record is $10.00

☐ **UD-10 Traffic Crash Report**
(Traffic Crash Reports are available on our website at www.michigan.gov/msp and clicking on TCPS.) The cost for providing this record is $10.00

☐ Incident Report  Number:   ☐ Photos   ☒ Other   See Attached

| Name Referred to in Record | Date of Birth | Social Security Number* (voluntary) |
|---|---|---|
| Brian Michael Alexander | 02/19/1982 | |

| Driver's License Number | Date of Event | Sex (M/F) |
|---|---|---|
| A425098603131 | 02/05/2015 (on or about) | MALE |

**Location of Event**
Michigan State Police Biometrics and Identification Division

**Specific Event to Which Record Refers**

Polygraph conducted on or about 02/05/2015 by Marco Hernandez on myself, Brian Michael Alexander, at the Michigan State Police Biometrics and Identification Division.

## III. Method of Access to Record

☐ MAIL TO REQUESTOR     ☒ MAIL TO (if different than Requestor)     ☐ INSPECT COPIES

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 1345 Bridlewood Lane | Williamston | MI | 48895 |

### STATE POLICE WORK UNIT USE ONLY

| OFFICIAL RECEIVING REQUEST | WORK UNIT | DATE RECEIVED | DATE SENT TO FOI |
|---|---|---|---|
| | | | |

**SUBMIT VIA EMAIL**

Request For Public Records- Attachment
Date: March 20, 2015

Requestor Information:
Brian Alexander
210 Moorwood Drive
Holt, MI 48842

Type of Report Requested:
Other: A complete copy of all charts, questions, score sheets, peer review, police reports and personal hand-written notes and an entire CD copy of the entire file from the LX computerized polygraph software for the polygraph conducted on or about 02/05/2015 by Marco Hernandez on myself, Brian Michael Alexander, at the Michigan State Police Biometrics and Identification Division.



RICK SNYDER  
GOVERNOR

**STATE OF MICHIGAN**  
**DEPARTMENT OF STATE POLICE**  
LANSING

COL. KRISTE KIBBEY ETUE  
DIRECTOR

April 02, 2015

MR BRIAN ALEXANDER  
2100 MOORWOOD DR  
HOLT, MI 48842

### NOTICE OF EXTENSION

RE: CR-107182-15

Dear MR ALEXANDER:

The department has received your request for public records under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq..

In order to determine whether the department possesses existing, non-exempt public records responsive to your request, we are extending the time for responding to your request by ten (10) business days, as permitted under MCL 15.235, Section 5(2)(d). Therefore, a written notice will be issued to you on or before 4/16/2015.

If you have any questions concerning this matter, please feel free to contact our office at (517) 241-1934, or at the address below, and enclose a copy of this correspondence.

Sincerely,

Judy Fox  
Assistant FOIA Coordinator  
Michigan State Police

MICHIGAN STATE POLICE HEADQUARTERS • 333 SOUTH GRAND AVENUE • P.O. BOX 30634 • LANSING, MICHIGAN 48909  
www.michigan.gov/msp • (517) 241-1934

APR 2 4 2015



STATE OF MICHIGAN
DEPARTMENT OF STATE POLICE
LANSING

RICK SNYDER
GOVERNOR

COL. KRISTE KIBBEY ETUE
DIRECTOR

MR BRIAN ALEXANDER
2100 MOORWOOD DR
HOLT, MI 48842

RE: CR-107182-15,

Dear MR ALEXANDER:

The department has received your request for certain records and has processed it under the provisions of the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.

The records you have requested have been:

( ) Granted

(X) Granted in Part and denied in part. Portions of your request are exempt from disclosure based on provisions set forth in the Act. (See comments on the back of this letter.) Under the FOIA, Section 10, you have the right to appeal to the head of this public body or to a judicial review of the denial.

( ) Denied. (See comments on the back of this letter.) Under the FOIA, Section 10, you have the right to appeal to the head of this public body or to a judicial review of the denial.

(X) The documents you requested are enclosed. Please pay the amount of $_____.

( ) Please pay the amount of $_____. Once we receive payment the documents will be mailed to you.

Checks or money orders should be made payable to the STATE OF MICHIGAN and mailed to P.O. Box 30266 Lansing, MI 48909. To ensure proper credit, please enclose a copy of this letter with your payment.

If you have questions concerning this matter, please feel free to contact our office at the address below, and enclose a copy of this correspondence.

Sincerely,

Judy Fox

Judy Fox
Assistant FOIA Coordinator
Michigan State Police

**DENIAL OF RECORDS:**
Denial is based on the following provision(s) of the Freedom of Information Act. MCL 15.243, Sec. 13(1). (All that apply will be checked.)

☒ (a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.
☒ telephone number(s)   ☐ address(es)   ☐ date(s) of birth   ☐ physical characteristics   ☐ driver license number(s)
☐ other _____

☒ (b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure would do any of the following:
- ☐ (i)   Interfere with law enforcement proceedings.
- ☐ (ii)  Deprive a person of the right to a fair trial or impartial administrative adjudication.
- ☐ (iii) Constitute an unwarranted invasion of personal privacy.
- ☐ (iv)  Disclose the identity of a confidential source, or if the record is compiled by a law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.
- ☒ (v)   Disclose law enforcement investigative techniques or procedures.
- ☐ (vi)  Endanger the life or physical safety of law enforcement personnel.

☒ (d) Records or information specifically described and exempted from disclosure by statute.
Statute: Polygraph MCL 338.1728
☒ MCL 780.758 William Van Regenmorter Crime Victim's Rights Act   ☐ MCL 28.421b Firearms
☐ MCL 28.214 C.J.I.S. Policy Council Act (LEIN information)

☐ (m) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action.

☐ (n) Records of law enforcement communication codes, or plans for deployment of law enforcement personnel, that if disclosed would prejudice a public body's ability to protect the public safety.

☐ (s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:
- ☐ (i)    Identify or provide a means of identifying an informant.
- ☐ (ii)   Identify or provide a means of identifying a law enforcement undercover officer or agent or a plain clothes officer as a law enforcement officer or agent.
- ☐ (v)    Disclose operation instructions for law enforcement officers or agents.
- ☐ (vii)  Endanger the life or safety of law enforcement officers or agents or their families, relatives, children, parents or those who furnish information to law enforcement departments or agencies.
- ☐ (viii) Identify or provide a means of identifying a person as a law enforcement officer, agent, or informant.
- ☐ (ix)   Disclose personnel records of law enforcement agencies.

☐ (u) Records of a public body's security measures, including security plans, security codes and combinations, passwords, passes, keys, and security procedures, to the extent that the records relate to the ongoing security of the public body.

☐ (w) Information or records that would disclose the social security number of any individual.

☐ To the best of the Department's knowledge, information, and belief, under the information provided by you or by any other description reasonably known to the Department, the public records do not exist within the Department.

☐ Based on the information you provided, we are unable to locate any records pertaining to the incident you described. Please resubmit a request with additional information. The following information, if available, is suggested.
- ☐ Specific location (i.e. city, county.)
- ☐ Michigan State Police incident number
- ☐ Names of those involved in the incident
- ☐ Specific dates (i.e., date of incident)
- ☐ Name of driver and their birth date or driver license number
- ☐ Date of birth

☐ The report you have requested has not yet been completed and filed. Please resubmit your request in 30 days.

**Additional Comments:** A refund of $06.06 will be submitted for processing

**FREEDOM OF INFORMATION ACT (EXCERPT)**
Act 442 of 1976

**15.243 Exemptions from disclosure; public body as school district or public school academy; withholding of information required by law or in possession of executive office.**

Sec. 13. (1) A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

(b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(i) Interfere with law enforcement proceedings.

(ii) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(iii) Constitute an unwarranted invasion of personal privacy.

(iv) Disclose the identity of a confidential source, or if the record is compiled by a law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.

(v) Disclose law enforcement investigative techniques or procedures.

(vi) Endanger the life or physical safety of law enforcement personnel.

(c) A public record that if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

(d) Records or information specifically described and exempted from disclosure by statute.

(e) A public record or information described in this section that is furnished by the public body originally compiling, preparing, or receiving the record or information to a public officer or public body in connection with the performance of the duties of that public officer or public body, if the considerations originally giving rise to the exempt nature of the public record remain applicable.

(f) Trade secrets or commercial or financial information voluntarily provided to an agency for use in developing governmental policy if:

(i) The information is submitted upon a promise of confidentiality by the public body.

(ii) The promise of confidentiality is authorized by the chief administrative officer of the public body or by an elected official at the time the promise is made.

(iii) A description of the information is recorded by the public body within a reasonable time after it has been submitted, maintained in a central place within the public body, and made available to a person upon request. This subdivision does not apply to information submitted as required by law or as a condition of receiving a governmental contract, license, or other benefit.

(g) Information or records subject to the attorney-client privilege.

(h) Information or records subject to the physician-patient privilege, the psychologist-patient privilege, the minister, priest, or Christian Science practitioner privilege, or other privilege recognized by statute or court rule.

(i) A bid or proposal by a person to enter into a contract or agreement, until the time for the public opening of bids or proposals, or if a public opening is not to be conducted, until the deadline for submission of bids or proposals has expired.

(j) Appraisals of real property to be acquired by the public body until either of the following occurs:

(i) An agreement is entered into.

(ii) Three years have elapsed since the making of the appraisal, unless litigation relative to the acquisition has not yet terminated.

(k) Test questions and answers, scoring keys, and other examination instruments or data used to administer a license, public employment, or academic examination, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

(l) Medical, counseling, or psychological facts or evaluations concerning an individual if the individual's identity would be revealed by a disclosure of those facts or evaluation, including protected health information, as defined in 45 CFR 160.103.

(m) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employees of public bodies

clearly outweighs the public interest in disclosure. This exemption does not constitute an exemption under state law for purposes of section 8(h) of the open meetings act, 1976 PA 267, MCL 15.268. As used in this subdivision, "determination of policy or action" includes a determination relating to collective bargaining, unless the public record is otherwise required to be made available under 1947 PA 336, MCL 423.201 to 423.217.

(n) Records of law enforcement communication codes, or plans for deployment of law enforcement personnel, that if disclosed would prejudice a public body's ability to protect the public safety unless the public interest in disclosure under this act outweighs the public interest in nondisclosure in the particular instance.

(o) Information that would reveal the exact location of archaeological sites. The department of history, arts, and libraries may promulgate rules in accordance with the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328, to provide for the disclosure of the location of archaeological sites for purposes relating to the preservation or scientific examination of sites.

(p) Testing data developed by a public body in determining whether bidders' products meet the specifications for purchase of those products by the public body, if disclosure of the data would reveal that only 1 bidder has met the specifications. This subdivision does not apply after 1 year has elapsed from the time the public body completes the testing.

(q) Academic transcripts of an institution of higher education established under section 5, 6, or 7 of article VIII of the state constitution of 1963, if the transcript pertains to a student who is delinquent in the payment of financial obligations to the institution.

(r) Records of a campaign committee including a committee that receives money from a state campaign fund.

(s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

(*i*) Identify or provide a means of identifying an informant.

(*ii*) Identify or provide a means of identifying a law enforcement undercover officer or agent or a plain clothes officer as a law enforcement officer or agent.

(*iii*) Disclose the personal address or telephone number of active or retired law enforcement officers or agents or a special skill that they may have.

(*iv*) Disclose the name, address, or telephone numbers of family members, relatives, children, or parents of active or retired law enforcement officers or agents.

(*v*) Disclose operational instructions for law enforcement officers or agents.

(*vi*) Reveal the contents of staff manuals provided for law enforcement officers or agents.

(*vii*) Endanger the life or safety of law enforcement officers or agents or their families, relatives, children, parents, or those who furnish information to law enforcement departments or agencies.

(*viii*) Identify or provide a means of identifying a person as a law enforcement officer, agent, or informant.

(*ix*) Disclose personnel records of law enforcement agencies.

(*x*) Identify or provide a means of identifying residences that law enforcement agencies are requested to check in the absence of their owners or tenants.

(t) Except as otherwise provided in this subdivision, records and information pertaining to an investigation or a compliance conference conducted by the department under article 15 of the public health code, 1978 PA 368, MCL 333.16101 to 333.18838, before a complaint is issued. This subdivision does not apply to records or information pertaining to 1 or more of the following:

(*i*) The fact that an allegation has been received and an investigation is being conducted, and the date the allegation was received.

(*ii*) The fact that an allegation was received by the department; the fact that the department did not issue a complaint for the allegation; and the fact that the allegation was dismissed.

(u) Records of a public body's security measures, including security plans, security codes and combinations, passwords, passes, keys, and security procedures, to the extent that the records relate to the ongoing security of the public body.

(v) Records or information relating to a civil action in which the requesting party and the public body are parties.

(w) Information or records that would disclose the social security number of an individual.

(x) Except as otherwise provided in this subdivision, an application for the position of president of an institution of higher education established under section 4, 5, or 6 of article VIII of the state constitution of 1963, materials submitted with such an application, letters of recommendation or references concerning an applicant, and records or information relating to the process of searching for and selecting an individual for a position described in this subdivision, if the records or information could be used to identify a candidate for

the position. However, after 1 or more individuals have been identified as finalists for a position described in this subdivision, this subdivision does not apply to a public record described in this subdivision, except a letter of recommendation or reference, to the extent that the public record relates to an individual identified as a finalist for the position.

(y) Records or information of measures designed to protect the security or safety of persons or property, whether public or private, including, but not limited to, building, public works, and public water supply designs to the extent that those designs relate to the ongoing security measures of a public body, capabilities and plans for responding to a violation of the Michigan anti-terrorism act, chapter LXXXIII-A of the Michigan penal code, 1931 PA 328, MCL 750.543a to 750.543z, emergency response plans, risk planning documents, threat assessments, and domestic preparedness strategies, unless disclosure would not impair a public body's ability to protect the security or safety of persons or property or unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance.

(2) A public body shall exempt from disclosure information that, if released, would prevent the public body from complying with 20 USC 1232g, commonly referred to as the family educational rights and privacy act of 1974. A public body that is a local or intermediate school district or a public school academy shall exempt from disclosure directory information, as defined by 20 USC 1232g, commonly referred to as the family educational rights and privacy act of 1974, requested for the purpose of surveys, marketing, or solicitation, unless that public body determines that the use is consistent with the educational mission of the public body and beneficial to the affected students. A public body that is a local or intermediate school district or a public school academy may take steps to ensure that directory information disclosed under this subsection shall not be used, rented, or sold for the purpose of surveys, marketing, or solicitation. Before disclosing the directory information, a public body that is a local or intermediate school district or a public school academy may require the requester to execute an affidavit stating that directory information provided under this subsection shall not be used, rented, or sold for the purpose of surveys, marketing, or solicitation.

(3) This act does not authorize the withholding of information otherwise required by law to be made available to the public or to a party in a contested case under the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

(4) Except as otherwise exempt under subsection (1), this act does not authorize the withholding of a public record in the possession of the executive office of the governor or lieutenant governor, or an employee of either executive office, if the public record is transferred to the executive office of the governor or lieutenant governor, or an employee of either executive office, after a request for the public record has been received by a state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of government that is subject to this act.

**History:** 1976, Act 442, Eff. Apr. 13, 1977;—Am. 1978, Act 329, Imd. Eff. July 11, 1978;—Am. 1993, Act 82, Eff. Apr. 1, 1994;—Am. 1996, Act 553, Eff. Mar. 31, 1997;—Am. 2000, Act 88, Imd. Eff. May 1, 2000;—Am. 2001, Act 74, Imd. Eff. July 24, 2001;—Am. 2002, Act 130, Eff. May 1, 2002;—Am. 2002, Act 437, Eff. Aug. 1, 2002;—Am. 2006, Act 482, Imd. Eff. Dec. 22, 2006.

**Compiler's note:** For transfer of powers and duties of department of history, arts, and libraries or the Michigan historical center relating to the identification, certification, and preservation of historical sites to the Michigan state housing development authority, see E.R.O. No. 2009-26, compiled at MCL 399.752.

**Popular name:** Act 442

**Popular name:** FOIA