UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ALEXANDER,

    Plaintiff,

v.

ANNIE HARRISON, et al.,

    Defendants.

_____/

Case No. 1:18-cv-930

HON. JANET T. NEFF

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 48) and Defendants' Response in opposition (ECF No. 51). Having considered the parties' submissions and the case circumstances, the Court denies the Motion.

**I. Motion Standard**

Plaintiff's motion is filed pursuant to FED. R. CIV. P. 15(a)(2). A court has discretion to grant or deny a motion for leave to amend under Rule 15(a)(2). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, ___ U.S. ___, 139 S. Ct. 1029 (2019). The following factors are relevant to the court's consideration: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). The Rule directs that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Nonetheless, "[a] motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand

a motion to dismiss.'" *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (citation omitted); *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005).

## II. Discussion

Plaintiff filed this case on August 16, 2018 and filed a First Amended Complaint on October 24, 2018. Following Pre-Motion Conference filings by the parties, the Court conducted a Pre-Motion Conference with counsel on Defendants' proposed Motions to Dismiss/for Summary Judgment and set a briefing schedule (ECF Nos. 11-13, 19-20, 22). The Motions were fully briefed and filed on May 21, 2019 (ECF Nos. 34-39). On May 22, 2019, Plaintiff filed a Motion for Relief from Pre-Motion Conference Order (ECF No. 42), seeking in part to file Responses to Defendants' Motions in excess of the Court-ordered page limits, which the Court denied (ECF No. 50). On June 4, 2019, Plaintiff filed the instant motion for leave to file a second amended complaint.

As justification for an amendment after the pending dispositive motions, Plaintiff states that he seeks to modify the Count I conspiracy claim from a statutory count to a common law count of conspiracy and to add additional facts showing the lack of probable cause to proceed with the state court criminal prosecution against Plaintiff. However, Plaintiff's efforts are unjustifiably belated, given the proceedings previously conducted on the proposed motions to dismiss/for summary judgment and the full briefing of Defendants' combined motion. Plaintiff's explanation of and basis for the modification of his Count I conspiracy claim from a conspiracy to interfere with civil rights under 42 U.S.C. § 1985 to a conspiracy to deny due process under 41 U.S.C. § 1983 is not entirely clear. In any event, as set forth by Defendants, since the proposed amendments do not overcome or pertain to the alleged deficiencies in the claims raised by Defendants, the proposed Second Amended Complaint is futile. Likewise, as to Plaintiff's request to amend to add additional detail, Plaintiff concedes that the facts as alleged are sufficient, and that

Defendants' motions to dismiss/for summary judgment "have specifically framed issues aimed at well recognized legal concepts which track the counts organized in the complaint" (ECF No. 48 at PageID. 499).

Plaintiff's Motion for Leave to File a Second Amended Complaint is properly denied. Because Defendants' pending dispositive motions will proceed, the Court will strike Plaintiff's noncompliant Responses and require refiling of the Responses.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 48) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's noncompliant response briefs will be stricken (ECF Nos. 37, 38); Plaintiff shall file Responses in compliance with the Court's Orders, not to exceed 15 pages, not later than **July 29, 2019**; Defendants may file an Amended Reply, if any, not later than 14 days after Plaintiff's Responses are filed.

**IT IS FURTHER ORDERED** that Defendants may file a request for reasonable costs incurred, if any, in filing an amended Reply.


Dated: July 15, 2019                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge